## Ex Parte WILLIAM SEYMOUR.

In the statutes of 1817, c. 176, § 5, 6, and 1827, c. 118, § 19, 20, which provide tha*
whenever any person who shall be convicted of any crime, the punishment whereof
shall be confinement to hard labor "for any term of years," shall have been re
fore sentenced to a like punishment, he shall be sentenced to punishment in addi
tion to that by law prescribed for the offence of which he shall be convicted, the
words *term of years* mean a period of time not less than two years.

*April 3d.*  SHAW C. J. delivered the opinion of the Court. This
is a petition of William Seymour, a convict in the State
prison, praying for a writ of *certiorari*, for the purpose of
bringing before the Court the record of the conviction, under
which he has been sentenced for life.

The petition sets forth, that the petitioner, at the Mu-
nicipal Court, September term 1831, was sentenced to con-
finement to hard labor for life, by way of additional punish-
ment, under the statute imposing such additional punishment
in certain cases, upon a third conviction. The question is,
whether upon the three convictions, as they are described in
the petition, and appear more fully by a transcript of the
record, the petitioner was by law liable thus to be sentenced
to hard labor for life.

The first conviction was at the Supreme Judicial Court
at Springfield, in September 1827, for larceny in a dwelling-
house, for which he was sentenced to six days' solitary im-
prisonment, and to hard labor for one year.

The two other convictions were had at the Municipal
Court, October term 1828.; one of which was for larceny
in a dwelling-house, and stealing therefrom jewelry, to the
value of less than $ 100, for which he was sentenced to con-
finement at hard labor, two years.

The other conviction was had at the same term for stealing
bank bills and money to the amount of $ 46, without other
aggravation, being a simple larceny, for which he was sen-
tenced to hard labor for one year, to take effect after the
expiration of the preceding sentence.

As to these two convictions being had at one and the
same term of the Municipal Court, it was decided in the
case *Commonwealth* v. *Phillips*, 11 Pick. 28, that two con-

victions, at the same term of any court, being such as are in other respects within the statute, are two convictions within the intent and meaning of the statute, though the law in this respect was afterwards, and after the conviction now under consideration, altered by *St.* 1832, *c.* 73.*

The first conviction of the petitioner in the Municipal Court, was for an aggravated larceny, that of stealing in a dwellinghouse, punishable by law by solitary imprisonment and confinement to hard labor for a term not exceeding five years, and actually punished in this case by a sentence of two years. But the other conviction at the same term of that court was for a simple larceny, in stealing bank notes and money to an amount less than $ 100, and that without any of the aggravations mentioned in the statute, such as stealing from a dwellinghouse, or from the person, or the like. This offence, of larceny without aggravation, to an amount less than $ 100, is by *St.* 1804, *c.* 143, § 1, punishable by confinement to hard labor, for a term not exceeding one year.

This case therefore presents the question, whether by the true construction of the statutes, such a simple larceny is a crime, the punishment whereof is by law, confinement to hard labor for any term of years, rendering the party convicted liable to be sentenced for life under the provisions of *St.* 1817, *c.* 176, § 5, 6, and *St.* 1827, *c.* 118, § 19, 20. The Court are all of opinion that it is not.

These statutes are in a high degree penal, and ought not to be extended beyond a strict construction, to enhance the penalties prescribed. The manifest design and intent of the

---

* This latter statute has since been repealed by *St.* 1833, *c.* 85, but the provision has been substantially re-enacted, by which it is provided that the second and third convictions, which shall render the convict liable to the additional punishment under these provisions, shall be those on which the convict shall have been at two several times sentenced to and discharged from the State prison, so as to make the law apply in effect to the second and third times respectively of coming to the State prison. But see Revised Stat. 810, 811, Act of Amendment, § 17, 54, which provides that when a convict shall have twice before been *sentenced* to confinement to hard labor, for a period of not less than one year each time, he shall be sentenced to an additional confinement to hard labor for life, or for a term of not less than seven years.

legislature in these enactments was, to prevent the repetition and increase of crimes, by imposing increased penalties upon old offenders, and by inflicting a severer punishment, upon the repetition of crimes of the higher grade and of considerable magnitude. But what should or should not be deemed crimes of this character, it was difficult to designate by any definite description, being, as from the nature of the case they must be, so infinitely various and diversified in quality and degree of aggravation. Hence we think that it was the design of the legislature, by the description used, to designate the higher class of crimes, by the kind and degree of punishment, to which the offender should be liable, by the law existing for the time being. The nature of the offence would in some measure be indicated by reference to the punishment by confinement to hard labor, now the most infamous and severe punishment except capital, known to the law ; and the degree and aggravated character of the offence would be estimated by the length of time fixed by law for its punishment. With these views, we think, the words were used, " confinement to hard labor for any term of years." The question is, what length was intended by the use of this language.

The use of this term in the law relative to leases, and the authorities cited in the argument, upon that subject, can have very little bearing upon the case, being there used for another and distinct purpose. If, as in case of a lease, it be contended that it means a *certain*, in contradistinction to an uncertain period of time, it manifestly could not apply to confinement to hard labor, as a punishment on conviction of a crime, because, from the nature of the case, such imprisonment must be for a certain time, limited by the law, and fixed in each particular case by the sentence. Such a construction would make the provision apply to all cases of confinement to hard labor as a punishment, without regard to its length, because it must necessarily be for a *certain* time, and the other part of the clause, " for any term of years " would be wholly nugatory and without effect. Another consequence would be, that no distinction would be expressed, by the different length in the periods of time with which they are punishable.

between slighter and more aggravated crimes, which are punishable by confinement to hard labor.

We think the only mode of giving a reasonable and sensible construction to the statute is, to consider those words as introduced for the purpose of describing the higher classes of offences, distinguishing from among crimes, all of which are by law punishable by confinement to hard labor, for longer or shorter periods, according to their aggravation, those of sufficient magnitude to be punishable by a long period of confinement to hard labor. Considering this to be the object and purposes for which this clause was introduced into the statute, we think the natural and legal, as well as the literal and grammatical construction of the words, " any term of years," must be a period of time not less than two years. We are therefore all of opinion, that a simple larceny of goods under the value of $ 100, when by law it is not punishable by confinement to hard labor for a longer term than one year, is not one of the crimes contemplated by the statute upon conviction of which, among others, the convict was liable to be sentenced to confinement at hard labor for life, and that in this respect the conviction and sentence before the Municipal Court in September 1831 were erroneous.

*Certiorari awarded.*

*S. D. Parker*, for the petitioner, cited Bac. Abr. *Leases &c.*, *L* 3 ; 4 Com. Dig. (Hammond's edit.) 88, *Estates by Grant*, *G* 11, note *m* ; *Denn* v. *Cartwright*, 4 East, 32 ; *Birch* v. *Wright*, 1 T. R. 380 ; Shep. Touch. 267 ; *Commonwealth* v. *Keniston*, 5 Pick. 420.

*Austin*, Attorney-General, for the commonwealth.