TYSON, Judge.
Appellant was indicted for the offense of robbery. The jury found appellant guilty as charged in the indictment and fixed his punishment at 10 years imprisonment. Appellant’s subsequently filed motion for new trial was denied by the trial court following a hearing thereon.
Ms. Daisy Harris testified she was the station manager at the Kayo Service Station in Prichard, Alabama on February 6, 1977. Approximately 5:15 p. m. that day a lone black male came in and demanded money at gun point. Ms. Harris told the man that an attendant trainee, Ms. Duong Thi Chin, had the money. Ms. Duong, a Vietnamese, did not understand the man’s demands, thus causing Ms. Harris to take the money from Ms. Duong’s pocket. She placed the money, amounting to $47.09, in a Lance cookie box and the man took the box and fled the scene on foot.
Officer Robert Ray testified he was responding to another call in his patrol car when he received the call regarding the Kayo Service Station. When he arrived at the scene, Ms. Harris pointed in the direction the robber fled and Officer Ray gave chase. The robber was described over the police radio as a black male with a tooth missing from his lower mouth, wearing a blue jean jumpsuit.
While stopped at a stop sign, Officer Ray observed a man fitting the description in a passing vehicle. The man immediately dropped down out of sight at the time Ray saw him. Officer Ray turned on both his blue lights and siren and immediately gave chase. Appellant was the driver of the vehicle in which the robber was a passenger.
Appellant’s vehicle stopped once, then pulled off again, as Officer Ray gave chase. Ray testified he pursued appellant’s vehicle for a minute and one-half, and that he finally bumped appellant’s rear bumper with his patrol car to stop him.
After the chase ended, Ray approached appellant’s vehicle, shotgun in hand, and ordered the driver out of the vehicle. Appellant was then instructed to tell his passenger to get out, which he did. After both men were out, Ray retrieved a pistol and a Lance cookie box containing $47.09 from under the driver’s seat of the vehicle.
When questioned later at police headquarters, appellant gave his name as Isaac Cleveland. Attorney Greg Hughes, who was called to view the lineup as an attorney, recognized and identified appellant as Wilbert Casher, Jr., rather than as Isaac Cleveland as appellant had identified himself.
Willie Earl Williams, the man who robbed the station, testified that appellant had no part in the robbery. He stated he merely flagged down appellant after the robbery and asked him for a ride. He testified he hid the gun and money box under his coat when he stopped appellant. Williams was later identified in a police lineup as the man who robbed the station. Appellant testified in his own behalf, corroborating Williams’ testimony. He stated he was on an errand looking for auto parts when Williams, a slight acquaintance, stopped him and asked for a ride.
Appellant argues the trial court erred in denying his motion to exclude the state’s evidence based upon the state’s failure to prove conspiracy, prearrangement, or community of purpose existing between appellant and Willie Williams, at or prior to the time of the robbery. He asserts the state’s evidence, entirely circumstantial in nature, was insufficient to sustain the conviction.
I
Appellant concedes proof of conspiracy may be made circumstantially. James v. State, Ala.Cr.App., 351 So.2d 693 (1977). However, he argues the circumstantial evidence here failed to prove prearrangement or community of purpose beyond a reasonable doubt. We do not agree.
*567 Mere knowledge of the commission of a felony, after its commission, when no aid was rendered to the felon in the actual commission of the crime, is insufficient to sustain conviction. Hence, it is necessary to show that either by prearrangement or on the spur of the moment, a common enterprise constituting a criminal offense was conceived and intended by the accused parties. James, supra. If the contemplated criminal purpose is carried out, each conspirator is guilty of the crime committed, whether or not he did any overt act in the active commission of the crime. Stokely v. State, 254 Ala. 534, 49 So.2d 284 (1950). Such community of purpose may properly be proven to the jury’s satisfaction from circumstantial evidence, the conduct of the parties and all the testimony in the case. James, supra. See cases cited therein.
In the instant case, there are numerous incriminating facts surrounding the conduct of appellant herein from which the jury could make a finding of complicity. First, appellant gave flight when Officer Ray attempted to stop his vehicle by use of his flashing light and siren. Flight has long been held by our courts to be admissible as tending to show an accused’s consciousness of guilt. See Gamble, McElroy’s Alabama Evidence, 3rd Ed. § 190.01, and cases cited therein. Second, the weapon and the Lance box containing the stolen money taken in the robbery were found under appellant’s automobile seat by Officer Ray when appellant was taken into custody. See McEl-roy’s, supra, § 50.01. And third, appellant gave a false name at police headquarters when questioned as to his identity. . . [T]he giving of a false name to the police at the time of arrest by the accused is a circumstance which may be properly weighed by the jury, along with other evidence at trial, as indicating a consciousness of guilt, Seals v. State, 271 Ala. 142, 122 So.2d 513 .. . .” Cobb v. State, 50 Ala.App. 707, 282 So.2d 327 (1973). When these facts are considered along with the community of time and place of the apprehension of appellant with Willie Williams, just a few blocks from the Kayo Station and within minutes of the robbery, we feel a strong case of circumstantial evidence has been established by the state. Also, appellant admitted four criminal convictions.
Although the guilt of appellant is not absolutely conclusive, a clear and proper jury question on this issue was presented. The reasonableness of his and Williams’ story that he was naively uninvolved in the robbery was for the jury to weigh in light of the conduct of the parties and other apparent facts at the time of appellant’s apprehension. We feel the reasonableness of his story was justifiably found untenable by the jury in light of the above enumerated circumstances. Though the question is close, there was substantial circumstantial evidence to sustain the jury’s verdict.
We have reviewed the grounds of error relied upon by appellant in light of the record and the briefs and find no • error injuriously affected the substantial rights of appellant.
AFFIRMED.
All the Judges concur.