TYSON, Judge.
Tindall Clarkson Herndon, alias, was indicted for the robbery of Doreen Huffstut-ler by taking some $271.94 from her person and against her will, etc., the money being the property of Dynamic Industries, Inc., doing business as E-Z Way Foods.
The jury found the appellant “guilty as charged” in the indictment, and the trial judge set sentence at twenty-five years imprisonment. From the overruling of the appellant’s motion for new trial, which challenged the weight and sufficiency of the evidence, the appellant prosecutes this appeal.
Doreen Mae Huffstutler testified that she was employed as cashier at the E-Z Way foods store, located on U. S. Highway 231, South, in Dothan, Alabama, on the night of Thursday, January 26-26, 1979. She worked the 11:00 to 7:00, or night shift, at the store. At approximately 3:00 on the morning of January 26, 1979, a white older model Volkswagen drove up to the gas pumps, and two white males got out. The younger of the two men walked to the gas pumps while the older man came into the store. The older male, who was positively identified in court as the appellant, Tindall Clarkson Herndon, threw a green bag on the counter, then pulled a small pistol and pointed it at her, saying, “Fill up the bag.” The appellant then took a step backward as she was moving a bit slowly and fired the pistol into the ceiling. He told her if she did not get all of it he would kill her. She stated that she then went to the safe, opened it, and removed three money bags, which she had placed there earlier, and put these also into the green bag. The appellant then walked to the telephone and “yanked” it from the wall. She stated that the appellant then grabbed her arm, pointed the pistol at her head, and said, “Give me some good reason why I should not kill you.” Mrs. Huffstutler stated that she hesitated, and the appellant suddenly kissed the top of her hand and told her he was a Vietnam Veteran. He told her to tell the police he was fed up with them. The appellant then got into the car and drove off with the other white male.
Mrs. Huffstutler wrote down the tag number, ETX 12. She testified that she was present later that morning when an examination was made to determine how much money was taken. The amount was determined to be $271.94, the property of Dynamic Industries, Inc., doing business under the name of E-Z Way Foods store.
Mrs. Huffstutler stated that the appellant had a mustache at the time of the robbery.
On cross-examination, Mrs. Huffstutler stated she had paid her own expenses to *1246 testify at trial, but had been told by a Mr. Brown that she would be reimbursed. She stated that she had notified the police by using a phone next door. She described the appellant as having worn a red jacket, dark colored pants, dark háir, and a mustache. She stated he was about her height and thin. She stated that she noticed acne on his face. She stated that she gave the description of the white Volkswagen and the tag number to the Dothan police officers, and that she later saw the white Volkswagen at Police Headquarters.
Dothan Police Officer Larry Chappel testified that he responded to a call shortly after 3:00 a. m. on January 26, 1979, and went to the E-Z Way Foods store on U. S. Highway 231, South, near Dothan. He talked with Mrs. Doreen Huffstutler at the store and then put out a “bolo,” giving a description of the vehicle and the two individuals. He stated that the older individual was described as being in his thirty’s, wearing a red windbreaker, dark pants, about five feet, nine inches tall, weighing about 120 pounds, having a mustache, and acne on his face. The other was a young white male, described as wearing a light jacket, about five feet, eight inches tall, and driving a blue and white Volkswagen, with Alabama 1978 tag, ETX-12. Officer Chap-pell stated that Dothan Detective James Wachob also investigated.
Dothan Police Detective James Wachob stated he arrived about 3:15 a. m. at the E-Z Way Foods store on 231 South, near Dothan. He stated he observed a small hole in the ceiling, which appeared to have been caused by a bullet, and that he found a small shell hull lying near the checkout counter under a rake. He picked it up and later delivered the shell hull to Sergeant Wallace Williams for delivery to the State Crime Lab.
State’s Exhibit One was identified as the shell hull found that morning.
Sergeant Wachob also stated that ■ the telephone had been ripped from the wall.
Dothan Police Officer Eulan Holland stated that he was patrolling the downtown area of Dothan about 7:00 a. m. on January 26, 1979. He rode by the Hardee’s, located at West Main Street and Lena Street, near the Courthouse and there saw a white Volkswagen in the lot with tag No. ETX 120, or 128. He noticed two men, one in his thirty’s, and a younger man, who looked to be almost twenty, come out, and he stopped and arrested them. He identified the older man as Tindall Clarkson Herndon. He stated that Herndon was freshly shaven and did not have a mustache.
Dothan Police Officer Wallace Williams testified he received a spent shell hull from a .22 caliber pistol from Sergeant Wachob and delivered to Mr. Carter at the Enterprise Crime Lab on January 30, 1979.
Felix Mertes testified he was fifteen years of age on January 25-26, 1979. He stated he went to the home of the appellant, Tindall Clarkson Herndon, whom he looked upon as an older brother, about 9:00 that evening, in Avon, Alabama. He stated that the two of them left, driving a white Volkswagen, between 10:30 and 11:00, and drove down into a part of Florida, then came back to the Dothan area about 2:00 a. m. He saw the E-Z Way Foods store on Highway 231. He said it was a few doors from “The Club,” and it was open. He stated that Herndon told them he was going to rob the store, and Mertes then handed Herndon a .22 pistol, which he identified in court as State’s Exhibit Two. Mertes stated Herndon went into the store and came back out a short time later with a green money bag full of money, and that he had gassed up the car during the robbery. He stated that he thought he heard a shot, but there was too much noise over at The Club to be sure. He stated Herndon returned the pistol and they went back to Herndon’s house and divided the money. He said they slept there until nearly 7:00 and got up. They went to Dothan and had breakfast at Hardee’s. He stated they were arrested as they came out of Hardee’s.
Mertes testified on cross-examination that he “dumped” the pistol in a trash can at Hardee’s just before being arrested.
*1247 Richard Dale Carter testified that he was a firearms expert with the Alabama Department of Forensic Sciences, Mobile Division. He stated he received State’s Exhibit One from Police Officer Wallace Williams, and later received State’s Exhibit Two by mail. He determined that Exhibit One had been fired from Exhibit Two.
The appellant’s motion to exclude the State’s evidence was overruled.
The appellant called Nancy Carol, who stated that she worked in the Probáte Office Tag Department of Houston County, Alabama. She stated that all Alabama tags in the series ETX, which began with 001 and ran through 999, had been issued.
Following argument, the case was submitted to the jury. The trial court gave an extensive oral charge to which no exception was taken, and thereafter gave fourteen written charges requested by the appellant. Six other written charges were refused.
I
We have carefully examined this record and determined that the State properly presented a prima facie case. Tunstill v. State, 33 Ala.App. 460, 34 So.2d 857, cert. denied, 250 Ala. 421, 34 So.2d 859 (1948); Tarver v. State, 53 Ala.App. 661, 303 So.2d 161 (1974), and authorities therein cited; Clay v. State, 52 Ala.App. 272, 291 So.2d 364 (1974).
II
We have carefully examined this record and determined that the remaining refused charges were either properly refused under the evidence, or were fairly and adequately covered by the trial court in its oral charge to which no exception was taken, or the several written charges given at the request of the appellant. § 12-1&-13, Code of Alabama 1975; Ingram v. State, Ala.Cr.App., 356 So.2d 761 (1978).
We have carefully examined this record and find same to be free of error. The judgment is due to be, and the same is hereby
AFFIRMED.
All the Judges concur.