The appellant was indicted and charged with the offense of unlawfully breaking and entering a vehicle. After arraignment, with his attorney present, he pleaded not guilty and filed a "request to enter a guilty plea." This "request to enter a guilty plea," signed by the appellant and his attorney, follows the form found in Ireland v. State, 47 Ala. App. 65,250 So.2d 602. This form incorporates the requirements of Boykin v.Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. The record indicates questions by the trial judge concerning the guilty plea form and the requisites of Boykin, supra. The court granted the appellant's request to plead guilty and, after accepting his guilty plea, set a date for sentencing. Previously, the appellant had been given notice that he was to be sentenced under the Habitual Offender Statute, § 13A-5-9, Code of Alabama (1975). At the sentencing hearing, the State established that the appellant had eight prior forgery convictions with concurrent sentences of sixteen months which had been probated. No evidence which showed that the appellant had served any time for these cases was elicited. The State showed that the appellant had been convicted of felony possession of marijuana and indicated that he had served time in the penitentiary for this offense.
The appellant moved to exclude from the record and the consideration of the court the nine felony convictions enumerated. The court denied the motion, and the appellant was sentenced to fifteen years in accordance with the Habitual Offender Act, § 13A 5 9, supra. *Page 1276 
 I
All issues raised by the appellant on this appeal concern the application of the Habitual Offender Statute, § 13A-5-9, Code of Alabama (1975), which reads as follows:
 "(a) In all cases when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony, he must be punished as follows:
 "(1) On conviction of a Class C felony, he must be punished for a Class B felony;
 "(2) On conviction of a Class B felony, he must be punished for a Class A felony.
 "(3) On conviction of a Class A felony, he must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years.
 "(b) In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows:
 "(1) On conviction of a Class C felony, he must be punished for a Class A felony;
 "(2) On conviction of a Class B felony, he must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years;
 "(3) On conviction of a Class A felony, he must be punished by imprisonment for life or for any term not less than 99 years.
 "(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows:
 "(1) On conviction of a Class C felony, he must be punished by imprisonment for life or for any term not more than 99 years but not less than 15 years;
 "(2) On conviction of a Class B felony, he must be punished for life in the penitentiary;
 "(3) On conviction of a Class A felony, he must be punished by imprisonment for life without parole. (Acts 1977, No. 607, p. 812, § 1235; Acts 1979, No. 471, § 1; Acts 1979, No. 79-664, p. 1163, § 1.)"
The appellant contends that Alabama's Habitual Offender Statute is ex post facto as applied to him and violates the Constitution of the United States. Further, he says that, because § 13A-5-9 provides the trial court with very little discretion in sentencing and has been made mandatory by the legislature, he was deprived of his due process and equal protection rights under the Constitution of the United States. He argues that he has been subjected to a "grossly disproportionate punishment."
The United States Supreme Court in Gryger v. Burke,334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed.2d 1683, addressed the questions as to whether the Pennsylvania Habitual Criminal Act was unconstitutional, retroactive, and ex post facto. The court stated:
 "Nor do we think the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act was passed, makes the Act invalidly retroactive or subjects the petitioner to double jeopardy."
In an earlier case, McDonald v. Massachusetts, 180 U.S. 311,21 S.Ct. 389, 45 L.Ed. 542, the United States Supreme Court addressed a similar question. In that case, the court said, "The statute, imposing a punishment on none but future crimes, is not ex post facto."
It is true that the provisions of the Habitual Offender Statute are mandatory and not discretionary. In subsections (a), (b), and (c) of § 13A-5-9, the act specifies that a criminal defendant who has been previously convicted of any felony, two felonies or three felonies "must be punished asfollows. . ." [Emphasis added.] The word, "must," as it is used in § 13A-5-9, leaves no discretion with the court as to whether a repeat offender is to be punished under the statute.
Although punishment under the Habitual Offender Statute is mandated, the trial judge had the option of sentencing the appellant to life imprisonment or to any term of not more than ninety-nine years, but not less than fifteen years. Section13A-5-9 (c)(1), Code of Alabama (1975). The appellant was sentenced to fifteen years. *Page 1277 
A statute which enhances the punishment for a second or subsequent offense is not in violation of the due process clause of the constitution. Graham v. West Virginia,224 U.S. 616, 32 S.Ct. 583, 56 L.Ed.2d 917.
In Goodman v. Kunkle, 72 F.2d 334, the court held that no denial of due process was shown because the habitual criminal statute did not create or define a new or independent crime. The statute merely prescribed "circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous criminalities." Goodman v. Kunkle, supra. In the present case, the increased punishment appellant received on his third conviction became mandatory because of appellant's status as a prior offender.
The appellant has cited Furman v. Georgia, 408 U.S. 238,92 S.Ct. 2726, 33 L.Ed.2d 346, in support of his contention that his sentence was "disproportionate to the severity of the crime." He has also cited Weems v. United States, 217 U.S. 349,30 S.Ct. 544, 54 L.Ed. 793.
The court, in Rummel v. Estelle, 445 U.S. 263,100 S.Ct. 1133, 63 L.Ed.2d 382, recognized that the prohibition of cruel and unusual punishment in capital cases was of "limited assistance in deciding the constitutionality of the punishment in habitual offender statutes." Regarding Weems v. UnitedStates, supra, the court in Rummel v. Estelle, stated:
 "Given the unique nature of the punishment, considered in Weems, and in the death-penalty cases, one could argue without fear of contradiction by any decision of this Court that for crimes concededly classified and classifiable as felonies, that is, as punishable by significant terms of imprisonment in a State penitentiary, the length of the sentence actually imposed is purely a matter of legislative prerogative."
The Supreme Court noted that Weems had been punished more severely than other persons similarly situated in the same jurisdiction who had committed more serious crimes or persons who committed a similar crime in other American jurisdictions.
In Rummel v. Estelle, supra, the petitioner had two previous convictions in Texas state courts one for falsely using a credit card to obtain eighty dollars worth of goods or services and the other for passing a forged check in the amount of $28.36. He had been sentenced to imprisonment on each of these felonies. He was convicted on a third felony, obtaining $120.75 by false pretense, and received a mandatory life sentence pursuant to the Texas recidivist statute. The Supreme Court, in reviewing the Rummel v. Estelle, supra, case, held that the mandatory life sentence imposed on Rummel did not constitute cruel and unusual punishment under the Eighth and Fourteenth Amendments. The court stated:
 "Like the line dividing felony theft from petty larceny, the point at which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time that the recidivist will be isolated from society are matters largely within the discretion of the punishing jurisdiction."
In the present case, the court did not abuse its discretion. The appellant received the minimum sentence of fifteen years. His punishment was within the range prescribed by the statute. As this court stated in Ex parte Messelt, Ala.Cr.App.,351 So.2d 636, "Where the punishment prescribed by the legislature is severe merely by reason of its extent, as distinguished from its nature, there is no collision with the Eighth Amendment."
Based upon the cited facts and principles, we are of the opinion that the Habitual Offender Statute, § 13A-5-9, Code of Alabama (1975), as applied to this appellant, did not violate the Constitution of the United States.
 II
The issue, whether the trial court erred in considering State's Exhibits 1 through 8, inclusive, as a basis for sentencing the appellant under the Alabama Habitual Offender *Page 1278 
Statute, must be resolved by construing the statutes, especially the word, "convicted."
Habitual criminal statutes have been classified as penal by judicial decisions. Prussian v. United States, 282 U.S. 675,51 S.Ct. 223, 75 L.Ed. 610; Bramblett v. United States,231 F.2d 489; United States v. Lindquist, 285 F. 447.
In Sutherland, Statutory Construction § 5903 (4th ed. 1874) we find:
 "It is an ancient rule of statutory construction and an oft-repeated one that penal statutes should be strictly construed against the government or parties seeking to exact statutory penalties and in favor of persons on whom such penalties are sought to be imposed."
The Supreme Court of Alabama, in Garrison v. Sumners,223 Ala. 17, 134 So. 675, stated:
 "It is a fundamental rule of construction that penal statutes must be strictly construed, but should not be subjected to strained or unnatural construction in order to work exemption from their penalties. . . . On the other hand, such statutes are not to be extended by construction."
See Holmes v. Lambreth, 163 Ala. 460, 50 So. 140; Grantland v.State, 8 Ala. App. 319, 62 So. 470.
Webster's Third New International Dictionary, p. 499 (1966) defines "convict" as, "To find or declare guilty of an offense or a crime by the verdict or decision of a court or other authority."
Black's Law Dictionary, p. 403 (4th ed. 1957), defining "convicted," states, "Means that a judgment of final condemnation has been pronounced against the accused." InBlack's, supra, conviction is defined, "In a general sense the results of a criminal trial which ends in a judgment or sentence that the prisoner is guilty as charged."
In 9A Words and Phrases, p. 272 (1968), we find, "The words, `convicted and conviction' in their broad and comprehensive sense, like the expression adjudged guilty; mean a judgment of final examination." Also, in 9A Words and Phrases, p. 272 (1968), we find:
 "In its technical legal sense, `convicted' includes the status of being guilty of, and sentenced for, a criminal offense, whether that status is established after confession of guilt by a guilty plea or after decision of a tribunal upon an assertion of innocence; in common parlance, however, a person has been `convicted' when he has asserted his innocence and has been found guilty by jury or court."
In Commonwealth v. Lockwood, 109 Mass. 323, 12 Am. Reports 699, the Massachusetts Supreme Court stated:
 "The ordinary legal meaning of `conviction,' when used to designate a particular stage of a criminal prosecution trial by a jury, is the confession of the accused in open court, or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt; while `judgment' or `sentence' is the appropriate word to denote the action of the court before which the trial is had, declaring the consequences to the convict of the fact thus ascertained."
The Florida Supreme Court in State v. Smith, 160 Fla. 288,34 So.2d 533, discussing the word, "convicted" as used in the Florida Habitual Criminal Statute, stated:
 "The word `convicted,' as used in the statute, means the adjudication by the court of the defendant's guilt and the pronouncement by the court of the penalty imposed on the defendant upon the acceptance of a plea of guilty or upon a verdict of guilty, or a finding of guilty by the court. — It has nothing to do with the actual service of imprisonment as the result of the sentence imposed pursuant to the adjudication of guilt."
In the present case, Alabama's Habitual Offender Act contains no requirement that a repeat offender must have served, partially or completely, his sentence for a prior felony before he can be sentenced under the Act. The statute requires that a criminal defendant be "previously convicted of any felony" or "any two felonies" or "any three felonies." § 13A-5-9, supra. *Page 1279 
In our judgment, the word "convicted," as used in § 13A-5-9, Code of Alabama (1975), does not include actual service in the penitentiary. Had the legislature intended "conviction" to include only those convictions followed by actual imprisonment, such a definition could easily have been included in the statute.
In our judgment, a strict construction of § 13A-5-9, supra, shows that Exhibits 1 through 8, inclusive, were "prior convictions" within the habitual offender statute, even though the defendant had never been incarcerated.
The appellant has also asserted that the multiple convictions shown in State's Exhibits 1 through 8, were imposed on the same day as a result of the appellant's pleas of guilty. The appellant maintains that, within the contemplation of Alabama's Habitual Offender Statute, this was a single conviction.
The statute seems clear and unambiguous that, where two or more convictions occur at the same time and in the same court, they are separate convictions within the meaning of the Habitual Offender Statute. See People v. Braswell, 103 Cal.App. 399,284 P. 709; Ex parte Seymour, 31 Mass. 40 (14 Pick.);Commonwealth v. Phillips, 28 Mass. 28 (11 Pick.); Section13A-5-9, supra contains no provision that, when an accused is convicted of eight felonies on the same day in the same court, with sentences to run concurrently, the convictions should be considered as one conviction. The purpose and intent of the legislature in enacting the Habitual Offender Statute were to prevent repetition and increase of crimes by imposing increased penalties upon repeat offenders. In the present case, a strict construction of § 13A-5-9, supra allows, relevant to the issue, only one interpretation, that appellant's eight convictions are to be considered as eight separate convictions and are not to be considered as one conviction.
 III
The appellant argues that the conviction shown in State's Exhibit 9, felony possession of marijuana, was erroneously used to enhance his punishment under the Habitual Offender Act. Further, he maintains the State did not show that he was represented by counsel or had waived his right to counsel at the time he was convicted of the offense. He insists that the violation shown in State's Exhibit 9 was "not the type or category of `felony' offense" covered under the Habitual Offender Statute.
State's Exhibit 9 did not show, on its face, nor did the State present any evidence that the appellant was represented by counsel at the time of his conviction. Nowhere in the record is there a showing that he knowingly waived his right to counsel at any stage in the proceedings. Under the authority ofBurgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, where records of the appellant's conviction on their face raise the presumption that the petitioner was not represented by counsel, such conviction cannot be used to enhance punishment. See Highsmith v. State, 55 Ala. App. 272, 314 So.2d 874.
Section 13A-5-9, Code of Alabama (1975) specifically says, "[P]reviously convicted of any felony." [Emphasis added.] Clearly, this language means that all felonies come within the purview of the habitual felony offender statute, regardless of their origin.
It is our judgment that the conviction shown in State's Exhibit 9 is not available for consideration under the Habitual Offender Act because it was not shown that the appellant, at the time of conviction, was represented by counsel or had waived counsel. As we stated previously, the convictions shown in State's Exhibits 1 through 8, inclusive, should have been considered as eight convictions and came within the contemplation of the recidivist statute. Therefore, the eight convictions were available for consideration in sentencing the appellant under this statute.
Although the evidence shown in State's Exhibit 9 was erroneously considered, no prejudice resulted to the appellant; therefore, the error was harmless. *Page 1280 
The judgment of conviction by the Lauderdale Circuit Court is hereby affirmed.
AFFIRMED.
All the Judges concur.