The defendant pled guilty to an indictment charging burglary in the second degree. Alabama Code 1975, Section 13A-7-6 (b). Prior to sentencing the State filed a "Notice of Prior Convictions" stating its intent to invoke the provisions of the Alabama Habitual Offender Act. Alabama Code 1975, Section13A-5-9.
The circuit court granted the defendant's motion to set aside his guilty plea and ordered that plea "void and held for naught." The defendant then withdrew his plea of not guilty and entered a plea of guilty. The court explained to the defendant his constitutional rights and found that "based on such statements and explanations by the court, it is now the opinion of the court that defendant has full understanding of what the plea connotes and that said plea was made voluntarily and intelligently."
The next notation in the judgment entry reveals that the defendant applied for presentence investigation and the case was continued "for further consideration by the court." The judgment entry then states:
 "On this the 25th day of July, 1980, Does the Defendant have anything to say before the Court imposes the sentence of law upon you? The Defendant answered No, Sir.
s/ Harold E. Walden, Judge
 "On this the 25th day of July, 1980, It is the judgment of the Court that the defendant is guilty of the offense contained in Title 13A-5-9 (c)(1) and it is the further judgment of the Court that the defendant's punishment be fixed at imprisonment in the penitentiary of the State of Alabama for 15 years and 0 days." *Page 41 
The record contains no specific finding by the circuit court that the guilty plea was accepted or that the defendant was found guilty of the offense charged in the indictment.
The habitual offender statute provides additional penalties for habitual felony offenders. It does not create or define any offense.
Alabama Code 1975, Section 13A-5-9 (c)(1) provides:
 "(c) In all cases when it is shown that a criminal has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows:
 (1) On conviction of a Class C felony, he must be punished by imprisonment for life or for any term not more than 99 years but not less that 15 years." (emphasis added)
Since the record does not show that the defendant was convicted of burglary in the second degree as charged in the indictment, this case is remanded to the jurisdiction of the circuit court. If that court did actually accept the plea of guilty and find the defendant guilty as charged the record and judgment entry should be corrected to reflect that action. However if, at the time of accepting the guilty plea, the court only adjudged the defendant guilty of the "offense" contained in Section 13A-5-9
(c)(1), the defendant must be brought before the court, adjudged guilty of the offense charged, and properly sentenced.
This Court has upheld the constitutionality of Alabama Code 1975, Section 13A-5-9 in Smith v. State, Ala.Cr.App.,392 So.2d 1273, (1980), and Watson v. State, Ala.Cr.App., 392 So.2d 1274, (1980).
REMANDED WITH DIRECTIONS.
All Judges concur.
 AFTER RETURN TO REMAND