Harlin Philip Seritt, Jr., was indicted for the robbery of David Wilson by taking some two hundred dollars ($200.00) from his person, against his will, etc., the money being the property of Howard Johnson Motel at Vestavia, Jefferson County, Alabama.
The jury found the appellant "guilty of robbery in the first degree as charged" and after a separate sentencing hearing, at which the appellant's past criminal record was placed before the trial judge, the appellant was sentenced to life imprisonment without parole under the Alabama Habitual Offender Act. It is from these proceedings at the trial that appellant prosecutes this appeal. *Page 249 
David Wilson testified that on May 6, 1980, he was employed at the Howard Johnson Motor Lodge in Vestavia, Jefferson County, Alabama, located on the Montgomery Highway. Wilson indicated that he had just been to one of the branch banks and cashed some checks for the motel and one for a customer, returned to the motel and walked behind the registration desk where he handed one hundred dollars in five dollar bills to his fellow employee, Christine Pennington.
Wilson related that he placed the two hundred dollars in twenty dollar bills in his pants pocket and as he turned around a white male, whom he positively identified in open court as the appellant, approached him and stated, "Give me the money." Wilson testified that he replied "No" to the appellant and the appellant then stated that if he did not deliver the money to him that he "would shoot him." The appellant then came around the registration desk and placed a knife in his side and again demanded the monies. Wilson testified that Seritt then slit the front of his slacks with his knife, making approximately a four inch cut, and removed the two hundred dollars in twenty dollar bills from his pants pocket. Seritt then turned to Ms. Pennington and demanded the funds which she had and she handed him one hundred dollars as he pointed the knife at her.
Seritt then ran out of the motel and got into a Buick automobile being driven by a white female with a black female seated on the passenger seat and then drove away.
Wilson stated that he followed the appellant to the front door and wrote down the license plate number and gave it to Ms. Pennington, who had the Vestavia Police Department on the telephone.
Wilson identified in court several photographs made of the motel and also identified a knife which had been pointed at him in the motor lodge by the appellant.
Wilson also testified that a short time later he went to the Vestavia Police Department and there identified the appellant, Seritt, as the party who had taken the monies from him at the motel a short time before.
Christine Pennington testified that she worked with David Wilson at Howard Johnson Motor Lodge in Vestavia, located at the intersection of Green Springs Road and U.S. 31 on May 6, 1980. Ms. Pennington testified that David Wilson went to a branch bank to cash a check for a motel guest and to get some funds for the motel shortly before one o'clock p.m.
A few moments later, as Wilson handed her one hundred dollars in five dollar bills, she observed a white male, whom she identified in open court as Seritt, approach David Wilson. Ms. Pennington corroborated Wilson's testimony as to appellant's threat to shoot them, the cutting of Wilson's slacks and removal of the cash therefrom and pointing the knife at her, and the turning over by her of the one hundred dollars in five dollar bills. She also testified as to Wilson writing down the tag number of the vehicle which Seritt left in and that she reported this number to the Vestavia Police Department. Ms. Pennington stated that in less than thirty minutes she and Wilson went to the Vestavia Police Department and identified Seritt and also the knife he used in the robbery.
Mountain Brook Police Officer Kenneth Watkins, Sr. testified he received a lookout call on his police radio shortly after one o'clock on the afternoon of May 6, 1980. The call described a 1972 Buick automobile, giving the tag number and describing a white male and the other two occupants as being a white female and a black female. Officer Watkins stated that he encountered a vehicle in the 3700 block of Shades Crest Road in Jefferson County fitting the description given and that he noticed that the car was stopped by a Vestavia Police vehicle.
Officer Watkins stated that he walked to the vehicle, told the appellant, whom he identified in open court, to get out and place his hands on the vehicle where he patted him down and removed a knife from the appellant's pocket, which he subsequently marked with his own initials, *Page 250 
"K.W.", and several hundred dollars in U.S. currency. Watkins stated he placed the currency and the knife in a brown paper bag which he initialed and carried to the Vestavia Police Department and delivered same to Sergeant Kines. Officer Watkins testified that the Buick was being driven by a white female and a black female was on the passenger side as he drove up. He then identified a photograph made of the vehicle at the scene by another officer.
Sergeant Joe Kines of the Vestavia Police Department testified that Mountain Brook Police Officer Kenneth Watkins brought him a brown paper bag about 1:15 or 1:30 on the afternoon of May 6, 1980, and that Officer Watkins cut his initials in a knife in his presence and identified the knife as the one having been removed from the appellant, Harlin Philip Seritt, Jr. Sergeant Kines also stated he received three hundred dollars in U.S. currency from Officer Watkins, two hundred dollars being in twenty dollar bills and one hundred in five dollar bills, all monies which had been removed from the person of appellant. These funds were then photographed and marked.
The appellant's motion to exclude the state's evidence for failure to produce a prima facie case was overruled and thereafter the case was presented to the jury without the appellant testifying or offering any other testimony in his behalf.
The trial court gave an extensive oral charge to which no exception was taken.
Following the jury verdict, the cause was adjourned for thirty days for a presentence investigation. The sentencing hearing was conducted approximately one month after trial.
 I
We have carefully examined the record and determined that the State of Alabama properly presented a prima facie case. Tarverv. State, 53 Ala. App. 661, 303 So.2d 161 (1974); Herndon v.State, Ala.Cr.App., 373 So.2d 1244 (1979); Golston v. State, Ala.Cr.App., 371 So.2d 471 (1979) and Casher v. State, Ala.Cr.App., 368 So.2d 565, cert. denied, Ala., 368 So.2d 567
(1979).
 II
Appellant asserts that the trial court erred at his sentencing hearing by not considering several offenses which had been committed by the appellant, growing out of a common event or occurrence as one offense, for the purposes of sentencing him rather than several offenses, even though the appellant had plead guilty as to each of four drug offenses after conferring with his attorney. These sentences were all entered on the same date.
We have carefully examined the transcript of the sentencing hearing and found that each of four separate sentences for violating the Alabama Uniform Controlled Substances Act were entered by the appellant on March 5, 1975. Certified copies of each of these proceedings were placed in evidence before the Circuit Judge, being Jefferson County Circuit Court Number 32047, 32048, 32049 and 32098. Harlin Philip Seritt, the appellant, had entered guilty pleas after conferring with his attorneys in each of these cases and had been separately sentenced in each case. The record affirmatively reflects representation by skilled counsel when the guilty pleas were recorded in open court with the appellant being present. Each of these four offenses involved the unlawful sale of prohibited substances regulated by the Alabama Uniform Controlled Substances Act.
Likewise, the records of Jefferson County Circuit Court Number 28264 showing a guilty plea and sentence for violating the Alabama Controlled Substances Act was also placed in evidence at this hearing. This charge also involved the sale of a prohibited substance and was entered in open court following a guilty plea on November 14, 1973. The appellant was also represented by competent counsel in this proceeding.
The appellant's contentions have been determined adversely to him in an opinion written for this court by Judge DeCarlo and reported as Watson v. State, Ala.Cr.App., 392 So.2d 1274 cert. denied, Ala., 392 So.2d 1280 (1980). See also Rummell v.Estelle, *Page 251 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).
This opinion also determines the constitutionality of such punishment under Section 13A-5-9, Code of Alabama 1975 as amended 1979.
As in Watson, supra and Thatch v. State, Ala.Cr.App.,397 So.2d 246 (1981), the trial court properly determined that the appellant had been represented by counsel at the time of each of his prior convictions showing compliance with Burgett v.Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) andHighsmith v. State, 55 Ala. App. 272, 314 So.2d 874 (1975).
 III
Appellant next contends that the sentences imposed in the case involved were in violation of the eighth amendment of the Constitution of the United States prohibiting "cruel and unusual" punishment, by retroactively imposing additional punishment for offenses previously committed. This contention was rejected by the Supreme Court of the United States inRummell v. Estelle, supra, and by this court in Watson, supra and Holley v. State, Ala.Cr.App., 397 So.2d 211 (1981). See also McDonald v. Commonwealth of Massachusetts, 180 U.S. 311,21 S.Ct. 389, 45 L.Ed. 542 (1901).
Likewise such punishment under the provisions of § 13A-5-9, Code of Alabama 1975, as amended 1979 is not an invasion or usurpation of powers of the legislative or executive branches of government, Holley v. State, supra.
We have carefully examined this record and find no error therein. The judgment of the trial court is therefore affirmed.
AFFIRMED.
All the Judges concur.