ON REHEARING
LEIGH M. CLARK, Retired Circuit Judge.
Since our opinion affirming the judgment of conviction herein and remanding the case to the trial court for “resentencing, this time without applying the Habitual Felony Offenders Act,” there was filed in this Court on July 9, 1982, a duly certified (2nd) (CORRECTED MINUTE ENTRY) in Circuit Court Case # 81-279 and Circuit Court Case # 81-280, the cases that appellee insists constitute the cases in which the previous felony convictions had occurred. On July 13,1982, appellee filed in this Court an application for rehearing and a brief and argument in support thereof.
By the second supplemental record, it is shown that by reason of a clerical error in the original record and in the first supplemental record there was omitted therefrom the fact that appellant “was adjudged guilty by the trial court . of theft of property in the first degree and burglary in the third degree on September 21, 1981.” In accordance therewith, we retract the following statement in our opinion on original submission:
“It necessarily follows, we think, that the record fails to show in the instant case that defendant had previously been convicted of a felony and that the case should be remanded to the trial court for resentencing, this time without applying the Habitual Felony Offenders Act.”
But for the retraction that was necessitated by the second supplemental record, it would not have been necessary for us to consider the only other issue presented by appellant, which he thus states in his brief:
“Whether or not § 13A-5-9 Code of Alabama 1975, as applied to Appellant Sum-merhill’s present offense, violates the Eighth Amendment as being disproportionate to the offense.”
Appellant seeks to distinguish Watson v. State, Ala.Cr.App., 392 So.2d 1274, 1277 (1980), cert. denied, 392 So.2d 1280 (1981), wherein it was held that the Habitual Felony Offender Act, as applied to defendant therein, convicted of unlawfully breaking and entering a vehicle and sentenced to imprisonment for fifteen years, did not violate the cruel and unusual punishment provision of the Eighth Amendment to the Constitution of the United States, by arguing that appellant’s “claim here is directed squarely to the disproportionality between the nature of his offense and the sentence imposed.” The argument fails to convince us, for that, irrespective of the law pertaining to Habitual Felony Offenders, the felony of which defendant was convicted in the instant ease,[1] is punishable by imprisonment for “not more than 20 years or less than 2 years,” Alabama Criminal Code, § 13A-5-6(a)(2), and the punishment imposed herein was five years less than could have been imposed even if the law as to previous felony offenders had not been invoked. We know of no reasonable basis for a contention that the maximum sentence fixed by the Legislature of imprisonment for twenty years for theft in the first degree constitutes cruel and unusual punishment. A conclusion to the contrary is implicit-in our opinion on original submission, as to which there has been no application for rehearing by appellant.
Notwithstanding our retraction herein of what we held prior to what we were informed by the second supplemental record, we are still unable to decide from the record proper and the transcript of the proceedings now before us whether defendant was convicted in the other two felony cases before he committed the felony involved in the instant case. Time is necessarily of the essence, and the margin of time, as hereinafter shown, is small.
Our attention is called to the fact that the affidavit for the warrant of arrest that *808 commenced the prosecution that resulted in the indictment and the conviction in the instant case alleged that the time of the alleged offense was “on or about October 1, 1981,” which, if the date had been stated precisely and correctly and without any “on or about,” would have been only nine days after the adjudication of defendant’s guilt in each of the other two cases, as now shown by the second supplemental record. During the hearing of defendant’s plea of guilty and the sentencing proceeding in the instant case, it seems that there was no issue made as to the exact time of the commission of the crime in the instant case. The trial court would doubtless have gone into the question of the exact time of the commission of the crime in the instant case and as to the time of the conviction in each of the other two cases if it had had the benefit of appellant’s contentions made to us. We note that defendant’s contention in the trial court on the subject was largely limited to the following:
“Your Honor, can we put on the record oral notice of appeal of this sentence in that it violates the eighth and fourteenth amendments of the United States Constitution, in that it does not provide for consideration of any litigating [sic, which doubtless was ‘mitigating’ but misunderstood] circumstances by the Court.”
We continue to be of the opinion that the case should be remanded to the trial court for resentencing, and we revise in the next paragraph hereof our directions previously given.
The defendant and counsel for the respective parties shall be given due notice of the time set for resentencing to enable them to be present, that each party will then be called upon to present to the trial court any evidence bearing on the question on the one hand whether the crime in the instant case was committed before the convictions in the other two cases, or on the other hand whether it was committed after the convictions in the other two cases, and present to the trial court any' contention that is presented on appeal; the trial court shall thereafter attempt to make a factual determination as to the controverted factual issue between the parties, i.e., whether the other two convictions occurred before the commission of the crime in the instant case. Unless the trial court factually determines that the convictions in the other two cases were before the commission of the crime in the instant case, the trial court will proceed to resentence the defendant, this time without applying the Habitual Felony Offender Act. The trial court will make a return to the Clerk of this Court to the order remanding the case with directions and serve a copy thereof on defendant’s counsel. If defendant continues to be aggrieved by the action of the trial court in regard to the sentence imposed, defendant will have fifteen days after the return to remand within which to file a brief in this Court and appellee will have ten days thereafter within which to file a reply brief. Otherwise, the judgment of conviction and sentence will be affirmed, and no further review or opinion by this Court is deemed necessary.
OPINION EXTENDED, DIRECTIONS TO TRIAL COURT MODIFIED AND APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.

. Theft of a motor vehicle, which, inter alia, constitutes theft of property in the first degree and is a Class B felony. Alabama Criminal Code § 13A-8-3.