HARRIS, Judge.
Appellant was tried on consolidated counts charging the rape of Janice Bostic and the robbery of Andrea Gamble. A jury returned a verdict of guilty on both counts, and appellant was sentenced to a term of life imprisonment without parole.
At 6:00 p.m., February 2, 1983, Janice Bostic parked her car in a parking lot in the 1600 block of 2nd Avenue, North, in Birmingham, Alabama. As she walked across the parking lot, a man came up behind her, spoke to her, put his arm around her neck, and placed a knife at her throat. He forced her back into her car, a light colored two-door sedan, and drove out of the parking lot, keeping the knife at her throat. He drove to a dead end street, stopped the car, and took her money and jewelry. She was forced into the back seat and then forced to engage in sexual intercourse.
The assailant then returned to the driver’s seat, and drove the car back to the downtown area. He drove the car to an area near the Trailways bus station, and pulled into a parking lot. As he parked the car, Bostic saw a young lady walking through the parking lot, past the car. The assailant stopped the car and got out without saying anything.
At 6:30 p.m. on February 2, 1983, Andrea Gamble was leaving work at the Birmingham News and returning to her car in the parking lot, when she saw a light colored two-door car, with two people in it, parking directly in front of her car. As she got to her car, a man came up behind her, spoke to her, then grabbed her from behind, placing one arm around her neck, and a knife at her throat. He asked how much money she had and then told her to open her car door. After she opened the door, he pushed her inside and then climbed into the car. He took five $20 bills from her, and she began crying. He told her, “Shut up or else I’m going to hurt you,” as he held the knife at her throat. He snatched a watch off her wrist, looked at it, and then threw it back to her. He asked Gamble if she worked nearby, and, when she replied, he said, “Well, after I get out of this car, you better leave away from around here.” At that point he left the car and walked away.
Janice Bostic had seen a police car drive past the parking lot, and she started her car, followed, and flagged down the patrol car. While she was talking with the police officers, Andrea Gamble drove up and reported her robbery to the officers. Both Gamble and Bostic gave the same description of their assailant.
On February 18, 1983, detective George Grubbs was in an unmarked police vehicle when he observed appellant walking south on 23rd Street. He stopped the car, got out and approached appellant. He grabbed appellant’s arm, displayed his badge, and identified himself. Appellant then “broke and ran.” After a chase, appellant was apprehended and arrested. At a lineup, Andrea Gamble identified appellant. Janice Bostic had identified appellant from a book of photographs on February 17.
Appellant first alleges that he was denied a fair and impartial trial by the consolidation of the two charges and that Rule 15 of the Temporary Alabama Rules of Criminal Procedure is in derogation of his common law right to be tried separately and severally for each offense charged. This court has held that joinder is a procedural matter, not affecting defendant’s substantive rights, and “the rules of joinder, consolidation, and severance ... are within the rulemaking power of our state supreme court.” Holsemback v. State, 443 So.2d *799 1371, 1376 (Ala.Crim.App.1983), cert. denied, (Ala.1984); Montgomery v. State, 446 So.2d 697 (Ala.Crim.App.1983), cert. denied, (Ala.1984).
While appellant’s allegation raises a novel issue for this court, we are not in a position to examine whether misjoinder of the offenses actually occurred. Contrary to appellant’s claim, an examination of the record does not show that appellant made any motion for severance. A misjoinder claim is waived if defendant fails to make a motion to sever. United States v. DeLeon, 641 F.2d 330, 337 (5th Cir.1981); United States v. Quinones, 516 F.2d 1309, 1312 (1st Cir.1975); Rule 15.3(c), Temp.Ala.R. Crim.P. Without an adverse ruling, this court cannot address the issue raised regarding Rule 15.3, Temporary Alabama Rules of Criminal Procedure. Walker v. State, 416 So.2d 1083 (Ala.Crim.App.1982).
Appellant further alleges that a sentence of life imprisonment under the Habitual Felony Offender Act constitutes cruel and unusual punishment.
Sentencing under this Act does not constitute cruel and unusual punishment. Watson v. State, 392 So.2d 1274 (Ala.Crim.App.), cert. denied, 392 So.2d 1280 (Ala.1980); Seritt v. State, 401 So.2d 248 (Ala.Crim.App.), cert. denied, 401 So.2d 251 (Ala.1981).
Appellant further contends that the Act allows different sentences to be imposed, depending upon the inclination of the State to show prior felony convictions. A District Attorney must show prior felony convictions to the trial court so that an accused will be sentenced in accordance with the act. Miliner v. State, 414 So.2d 133 (Ala.Crim.App.1981). A judge has no discretion concerning the punishment, and must sentence according to the statute. Holley v. State, 397 So.2d 211 (Ala.Crim.App.), cert. denied, 397 So.2d 217 (Ala.1981); Watson, supra. After an examination of the record, this court finds no merit to appellant’s claim that the Act was not properly applied in his case.
This court finds no error injuriously affecting appellant’s substantive rights, and the judgment of the Jefferson Circuit Court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.