802 F.2d 1330
 Terry Wayne McLESTER, Petitioner-Appellant,
v.
Freddie V. SMITH, Commissioner of the State of Alabama,
Department of Corrections; Charles Graddick, Attorney
General for the State of Alabama, Willie Johnson, Warden,
Holman Station, Respondents-Appellees.
 No. 86-7038.
 United States Court of Appeals,
Eleventh Circuit.
 Oct. 20, 1986.
 
 William J. Baxley, Baxley, Beck, Dillard & Dauphin, Jeffery H. Long, Kearney Dee Hutsler, III, Montgomery, Ala., for petitioner-appellant.
 J. Anthony McLain, Sp. Asst. Atty. Gen., McLain, & Hampton, Montgomery, Ala., for respondents-appellees.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before HILL and HATCHETT, Circuit Judges, and THOMAS*, Senior District Judge.
 HATCHETT, Circuit Judge:
 
 
 1
 Relying on Seritt v. State of Alabama, 731 F.2d 728 (11th Cir.1984), we uphold the application of the Alabama Habitual Offender Act (Alabama Code 13A-5-9) to the peculiar facts presented in this case.
 
 
 2
 The appellant, Terry Wayne McLester, robbed a grocery store. In the robbery incident, committed while McLester was intoxicated, he displayed a half-opened knife, requested money from the cash register, and suggested that the store clerk leave the store with him. McLester claims that although the store clerk took his demands and actions seriously, he committed all of the acts in jest. Because McLester had seven prior convictions for burglary in the second degree, the court sentenced him to life imprisonment without parole for the robbery, pursuant to Alabama's Habitual Offender Act. On appeal, the Alabama Court of Criminal Appeals upheld the conviction and sentence.
 
 
 3
 The life sentence without parole for the robbery resulted from the fact that in January of 1979, McLester had pleaded guilty to seven burglaries, all committed on the same night, in one shopping mall, in one episode. While intoxicated, McLester had broken into a shopping mall and burglarized seven different stores.
 
 
 4
 On December 6, 1984, McLester filed a petition for habeas corpus in the United States District Court for the Middle District of Alabama. During the proceedings, McLester sought discovery through interrogatories. The district court referred McLester's petition to a United States Magistrate who recommended that the writ of habeas corpus be denied and that the petition be dismissed. The district court adopted the magistrate's recommendations.
 
 CONTENTIONS
 
 5
 McLester contends that his life sentence without parole, based on the seven convictions arising from events occurring during a single episode, violates the eighth amendment prohibition against cruel and unusual punishment because the sentence is disproportionate to the offense for which he was convicted. He also contends that the district court erred in refusing his discovery requests.
 
 DISCUSSION
 
 6
 Title 13A-5-9 provides that a criminal defendant who has been convicted of a felony and is convicted of another felony must be punished by an additional penalty.[1] The term of the additional penalty is determined by the number and class of prior felonies as well as the class of the felony which invokes the imposition of the statute. Application of the statute is mandatory. Watson v. State, 392 So.2d 1274 (Ala.Crim.App.1980). "The word 'must' as it is used in this section leaves no discretion with the court as to whether a repeat offender is to be punished under the statute." 392 So.2d at 1276.
 
 
 7
 McLester argues that the purpose of the recidivist statute is to punish after several attempts to rehabilitate have failed. Therefore, the multiple convictions he received arising from the single burglary episode at the shopping mall, must be considered as one conviction which afforded the state its sole opportunity at rehabilitation. By treating these convictions as separate and distinct, the state has misconstrued the purpose of the statute. McLester argues that applying the statute in this manner raises an impermissible presumption that numerous unsuccessful attempts have been made to rehabilitate him, when in fact, no rehabilitative effort has been expended. Since this misapplication of the statute has resulted in a life sentence for what amounts to one prior felony, his sentence is disproportionate and constitutes cruel and unusual punishment.
 
 
 8
 On quick review, McLester's argument sounds plausible; on further consideration of existing law and societal aims, however, his argument proves meritless. Watson expressly states that the term "convicted" does not require incarceration as a prerequisite to the application of the recidivist statute. In Watson, the court held that the statute must be strictly construed and that the origin of the felonies is irrelevant. "Alabama's Habitual Offender's Act contains no requirement that a repeat offender must have served, partially, or completely, his sentence for a prior felony before he can be sentenced under the Act." Watson, 392 So.2d at 1278. Since Alabama law does not require incarceration following the commission of a felony before that felony may be utilized under its recidivist statute, McLester's contention is meritless. It would be strange indeed for a federal court to seek to define the length of time that must pass between the commission of felonies and the type of punishment required following conviction of a felony before a state could utilize the conviction under its recidivist statute. Only when a state's statutory scheme clearly punishes in a disproportionate manner, may a federal court impose its theories of how a state should operate its criminal justice system.
 
 
 9
 McLester also contends that his sentence was disproportionate under the three-prong test announced in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In Solem, the Court found that the following objective factors are relevant in determining whether a person's criminal sentence is disproportionate: (a) the gravity of the offense and the harshness of the penalty; (b) the sentence imposed on other criminals in the same jurisdiction; and (c) the sentence imposed for commission of the same crime in other jurisdictions.
 
 
 10
 A. Harshness of the penalty.
 
 
 11
 McLester submits that an evaluation of the offense he committed when compared to his life sentence without parole, unquestionably establishes an unacceptable harshness that violates his constitutional rights against cruel and unusual punishment. McLester particularly declares this to be true in this instance where the facts of the crime show mitigating factors such as intoxication, absence of physical harm, and a lack of intent. McLester concedes that his offense appears at first blush to be grave; however, he emphasizes that he acted in jest although the alleged victim apparently perceived his acts as being serious.
 
 
 12
 On this issue, Seritt v. State of Alabama, 731 F.2d 728 (11th Cir.1984), controls. The court in Seritt, at 732, stated that robbery "is not viewed by society as one of the less serious offenses." It is a serious offense! Whether McLester acted in jest has been determined against him--the jury convicted. Seritt forecloses relief for McLester under the first Solem factor.
 
 
 13
 B. Other sentences in the same jurisdiction.
 
 
 14
 As to prong two of the Solem test, the record contains computer data showing that seventy-eight persons in Alabama are presently serving sentences of less than life without parole following convictions for first degree robbery with prior convictions for felonies sufficient to invoke the mandatory sentence provisions of Title 13A-5-9. Based on this data, McLester argues that his sentence is disproportionate when compared with these seventy-eight persons who should also be serving life sentences without parole.
 
 
 15
 Solem affords McLester no relief on this issue. Surely the Solem test does not apply to or take into account sentences which are unauthorized or illegal. Consequently, McLester's burden is to show that his sentence is disproportionate when compared with lawful and authorized sentences in the state of Alabama.[2] For these reasons, McLester fails to establish that his sentence is disproportionate to other sentences for like conduct in the state of Alabama.
 
 
 16
 C. Sentences in other jurisdictions.
 
 
 17
 As to the third Solem prong, McLester asserts that his sentence is disproportionate to sentences in other jurisdictions. We disagree. Florida law prescribes life imprisonment for a felony of the first degree under its Habitual Felony Offenders Statute. Section 775.084(1)(a) and (4)(a) Fla.Stat.Ann. (1976). Moreover, death or imprisonment are possible sentences provided for by Georgia statutory law for a similar crime in the first degree. Section 16-8-41(b), Ga.Code.Ann. (1984); (Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), prohibits the imposition of the death sentence in such instances). McLester's sentence clearly does not support a finding of disproportionality when compared with possible sentences in other jurisdictions.
 
 
 18
 McLester also contends that the district court abused its discretion in denying his amended discovery request. The discovery requested the names, prior criminal records, and the sentences of all persons convicted of the highest degree of murder, sodomy, kidnapping, and rape since July 30,1979, who were sentenced to less than life without parole. McLester claims that the requested data would show that a large number of murderers, sodomists, rapists, and kidnappers had received lesser sentences than he in spite of the fact that they are second, third, and fourth time habitual offenders. The record supports the district court's finding that records in the possession of the state of Alabama Department of Corrections were made available to McLester, and that more extensive discovery requiring manual examination of thousands of prisoner files would be too burdensome.
 
 
 19
 No contention was made attacking the constitutionality of the sentence as applied to McLester based on the state's stipulation and evidence in the record showing that Alabama has lacked uniformity in application of this supposedly mandatory recidivist statute. Other theories may afford McLester relief, but those interesting theories are not before us. Accordingly, the judgment of the district court is affirmed.
 
 
 20
 AFFIRMED.
 
 
 
 *
 Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation
 
 
 [1]
 Title 13A-5-9, Ala.Code, in pertinent part, provides:
 (c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows:
 ....
 (3) On conviction of a Class A felony, he must be punished by imprisonment for life without parole.
 (Emphasis added.)
 
 
 [2]
 Since the statute is mandatory, the state of Alabama has a serious problem regarding its recidivist statute that we will be requested to address in some other case or in further proceedings in this case when the issue is squarely presented