For the reasons stated below, I respectfully dissent from the holding in this case.
In Rickett v. Jones, 901 F.2d 1058, 1067 (11th Cir. 1990), the United States Court of Appeals for the Eleventh Circuit in commenting on the State of Alabama's failure to mandatorily sentence all persons with prior felonies under its Habitual Felony Offender Act issued the following warning: The "State of Alabama should be placed on notice that it may not continue to administer the HFOA in a careless and haphazard fashion." This warning, however, was not an isolated, first time event. The Eleventh Circuit a few years prior toRickett had warned the State that "[s]ince the HFOA is mandatory, the State of Alabama has a serious problem regarding its recidivist statute that we will be requested to address in some other case." McLester v. Smith, 802 F.2d 1330,1333 n. 2 (11th Cir. 1986).
Although I agree with the majority that the State failed to give Bogan adequate notice of its intention to invoke the HFOA as mandated by the Alabama Supreme Court in Connolly v.State, 602 So.2d 452 (Ala. 1992), unfortunately, this court's decision to simply affirm the trial court's refusal to sentence Bogan under the HFOA exemplifies the problem outlined by the Eleventh Circuit in Rickett andMcLester.
Since the HFOA is mandatory and not discretionary under §13A-5-9, Code of Alabama 1975, and due to my concern that our failure to apply the HFOA with uniformity will lead to disparate treatment violations of the United States Constitution, I submit that the decision of the trial court should be remanded for a new sentencing of Bogan under the Habitual Felony Offender Act after adequate notice has been given by the State of Alabama.