JOSEPH J. MULLINS, Retired Circuit Judge.
The appellant was convicted of theft of property in the first degree in violation of Code of Alabama, 1975, Title 13A-8-3, and sentenced under the Habitual Offenders Act to be imprisoned in the penitentiary of the State of Alabama for and during his natural lifetime.
The appellant was represented at all proceedings in the trial court by counsel of his choice, and is represented in this Court by the same counsel appointed by the trial court. This appeal was submitted to this Court on briefs.
The appellant states in his brief that this case should be reversed because the state used all of its strikes to strike blacks from the jury venire leaving a jury of 11 whites and 1 black on the jury, which is a denial of a fair trial by an impaneled jury for this defendant, and in violation of both Alabama and United States Constitutional guarantees.
The ground assigned by appellant for his contention that appellant was denied a fair trial by an impartial jury is not shown by the record in this case. There is no evidence in the record on the appellant’s motion to exclude the evidence on the grounds that “the defendant has not been subjected to a trial by jurors of his peers, particularly in that the state exercised all six of its strikes to strike all blacks, and he was left with a jury of 11 whites and 1 black, and such a jury is not a cross section of the *190 community, and therefore is not a trial by a jury of his peers, and is in violation of the Constitution of the State of Alabama, and it is also in violation of the United States Constitution rights to a fair trial and due process.”
The record recites that, “(whereupon, a jury venire was identified, sworn, and qualified, whereupon, a jury was struck and impaneled without objection.)” (Emphasis Supplied)
The Supreme Court of the State of Alabama, in the case of Swain v. State, 275 Ala. 508, 156 So.2d 368, stated. “It has long been held that, where allowed by statute, peremptory challenges may be used without any assigned or stated cause.” Again in the case of Swain v. State of Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759, the Supreme Court of the United States, speaking through Justice White, said:
“In the light of the purpose of the peremptory system and the function it serves in a pluralistic society in connection with the institution of jury trial, we cannot hold that the Constitution requires an examination of the prosecutor’s reasons for the exercise of his challenges in any given case. The presumption in any particular case must be that the prosecutor is using the State’s challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes. Any other result, we think, would establish a rule wholly at odds with the peremptory challenge system as we know it. Hence the motion to strike the trial jury was properly denied in this case.”
We hold that the trial court did not err when it overruled appellant’s motion, and appellant’s constitutional rights were not violated by state’s counsel when he exercised his peremptory strikes to exclude all blacks from the jury. Swain v. State, supra; Swain v. State of Alabama, supra; McCray v. State, Ala.Cr.App., 395 So.2d 1057; Certiorari Denied, Ala. 395 So.2d 1062; Walker v. State, Ala.Cr.App., 428 So.2d 139; Certiorari Denied, (4 Div. 55, Mar. 4,1983); Flowers v. State, Ala.Cr.App. 402 So.2d 1088; Certiorari Denied, 402 So.2d 1094; Carpenter v. State, Ala.Cr.App. 404 So.2d 89; Writ Quashed, Ala. 404 So.2d 100; Watts v. State, 53 Ala.App. 518, 301 So.2d 280.
There being no other error complained of by the appellant, the judgment of the trial court is due to be, and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.