Alton Ray Pickens was convicted of theft of property in the second degree. The appellant was given due notice that the State intended to proceed under the Habitual Felony Offender Act and a sentencing hearing was held at which the appellant was sentenced to 25 years' imprisonment.
On the night of August 13, 1982, Mr. Edward Allen observed a dark green car being loaded with two camper shells. He followed the path of this car and subsequently observed the tail lights of an automobile light up beside the appellant's residence. He then notified the police. Police officers subsequently heard the sound of metal being knocked about coming from the location of the appellant's residence. Officer Williford then observed the appellant enter the back door of his residence. He also observed a dark green car and two camper shells leaning against the side of the residence. The appellant was then arrested and the officers observed scratches on the car. The camper shells were subsequently identified by the rightful owners as having been taken from their business.
 I
On appeal, appellant's counsel has raised a number of issues for this court to consider involving the constitutionality of the Habitual Felony Offender Act, as applied to the appellant, in view of the recent United States Supreme Court decision inSolem, Warden v. Helm, 1983, ___ U.S. ___, 103 S.Ct. 3001,77 L.Ed.2d 637. He also argues that the State did not present a prima facie case as required by law.
This court has repeatedly held that the Habitual Felony Offender Act is not violative of the United States Constitution and does not constitute cruel and unusual punishment. Watson v.State, 392 So.2d 1274 (Ala.Cr.App.), cert. denied,392 So.2d 1280 (Ala. 1980); Jackson v. State (1983) 440 So.2d 1181;Weaver v. State (1983) 437 So.2d 626; Campbell v. State (1984)444 So.2d 913. As required by Solem, we have considered the proportionality of the *Page 868 
punishment herein expressed, both in light of the appellant's prior record and the length of the sentence for the offense for which the appellant has been convicted. The appellant's prior offenses were: (1) Burglary, second degree; receiving and concealing stolen goods; (2) Burglary, second degree; (3) Robbery, grand larceny; (4) Burglary of a motor vehicle, grand larceny, buying, receiving and concealing stolen property, and (5) Burglary, second degree, grand larceny, receiving and concealing stolen goods. Solem furnishes no authority for disturbing the sentence in this cause, its light in fact leads us in the opposite direction.
 II
The State of Alabama properly presented a prima facie case as required by law. Even though there was some circumstantial evidence, it was properly submitted to the jury for their determination. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied 368 So.2d 877 (Ala. 1979); Rainer v. State,398 So.2d 771 (Ala.Cr.App. 1981).
We have carefully examined the record and in view of the foregoing principles of law, we find no cause for reversal.
The judgment of the trial court is therefore due to be and the same is hereby affirmed.
AFFIRMED.
All the Judges concur.
[EDITORS' NOTE: PAGES 869-874 CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 1291