ON REHEARING
TYSON, Judge.
On May 8, 1984, this court unanimously affirmed this cause without opinion, 453 So.2d 8.
Because counsel has filed a request for a statement pursuant to Rule 39(k) and Rule 40 ARAP, this court sets forth the following as its opinion.
Roy Kelley was charged by indictment with unlawfully obtaining some $500.00 in currency from the person of one Mrs. Mary E. Carpenter, with intent to deprive the owner of said property, in violation of § 13A-8-4, Code of Alabama 1975.
The jury found the appellant “guilty as charged” and after a habitual felony offender hearing, at which four prior felonies including burglary, grand larceny, receiving stolen property and larceny were all placed in evidence, the trial court set sentence at 30 years’ imprisonment.
The State’s evidence consisted of the testimony of Mrs. Carpenter, an elderly woman in her seventies, who testified that appellant had befriended her and lived at her home where he would, from time to time, take her on errands as she was unable to drive her automobile. He would also sometimes take monies and pay bills for her. After doing this for several months, he talked her into going to the First National Bank of Florence and borrowing $500.00 from one Jackie Young, a loan officer there, and then turning the proceeds over to Kelley, the appellant. Mrs. Carpenter further testified as follows: (R. 35).
“Q. Never did come back?
“A. Uh huh.
“Q. Well, now, you say that he left then — when he came back, he left in January, 1982 and he never came back to your house. Is that what you’re saying?
“A. He never come back no more after he carried my money off, mister, I’m trying to tell you like it was.
“Q. Well, I’m trying to understand. He didn’t stay in your house anymore after that, did he?
“Q. He did not. Okay.
“A. Like I told you he come back the next day between twelve and one o’clock and I asked him did he still have my $500.00 and he said, ‘No’, and I asked him what he done with it and he said he didn’t know and he got up and left and I never did see him no more until I seen him up here.
“Q. At the preliminary hearing?
“A. Yeah.”
Mrs. Carpenter’s testimony indicated she lived off of monies she received from Social Security, something over $300.00 per month, out of which she had to buy medicine, pay her utility bills, rent and groceries.
*1346 The borrowing of the money was confirmed through Jackie Young, a loan officer at First National Bank of Florence, who testified that the transaction took place on January 28, 1982, and she observed the appellant leaving the bank with Mrs. Carpenter. The payment records of various indebtednesses showing that some of her accounts were short, and her bills not being paid properly were testified to by her son, Lee Short. He stated that he was a State Trooper with the State of Texas and had come back to Florence, Alabama, during the latter part of the summer of 1983 and had gone over his mother’s books and records and discovered the discrepencies.
Lee Short, the son, stated that he finally located the appellant, who was then living in Hamilton, Alabama, on October 15, 1983, and asked him to repay his mother for the monies which she had borrowed from the bank and subsequently had to repay herself. The monies were never repaid to Mrs. Carpenter.
The appellant presented no testimony at trial and there was no exception to the oral charge of the court.
The habitual felony offender hearing shows the four prior felonies and the 30 year sentence.
I
The sole issue on appeal is that the appellant was denied due process and equal protection of the law by being sentenced as a habitual felony offender and further that his sentence was disproportionate and too severe and appellant’s counsel cites us to the United States Supreme Court’s opinion in Solem, Warden v. Helm, — U.S. —, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). This court in recent months has several times applied the Solem test to the punishment imposed under the Alabama Habitual Felony Offender statute. See Jackson v. State, 440 So.2d 1181 (Ala. Crim.App.1983) and more recently, two cases which are Jones and Bryant v. State [Ms. March 20, 1984, 1 Div. 675], where we have upheld a life sentence growing out of a second degree theft conviction and a 22 year sentence to Jones, this being as a result of the taking of some clothing from a store and a high speed chase following. Both Jones and Bryant had substantial prior records. Similarly, we have upheld a sentence of 20 years for third degree burglary, also following the Jackson case which interprets Solem, supra, and upheld the 20 years sentence in Blues v. State, 447 So.2d 1319 (Ala.Crim.App.1984).
We also upheld a 25 year sentence, also after a habitual felony offender hearing for theft of property in the second degree in Pickens v. State, 447 So.2d 867 (Ala.Crim.App.1984). Very recently, the United States Court of Appeals for the Eleventh Circuit, upheld a life imprisonment sentence, without parole, for a robbery, following five prior drug convictions. Seritt v. Alabama, 731 F.2d 728 (1984). See Seritt v. State, 401 So.2d 248 (Ala.Crim.App.1981), cert. denied, 401 So.2d 251 (Ala.1981).
In light of the above authorities, this appeal is due to be and is affirmed.
APPLICATION FOR REHEARING OVERRULED; AFFIRMED.
All the Judges concur.