Appellant was indicted by the Grand Jury of Madison County, Alabama, for the offense of escape, third degree, in violation of § 13A-10-33, Code of Alabama (1975). Appellant was tried before a jury, which returned a verdict finding appellant guilty *Page 1003 
of escape, third degree. Following a sentencing hearing, during which the prosecution sought to invoke the Habitual Felony Offender Act, § 13A-5-9 (c)(1), Code of Alabama (1975), appellant was sentenced to forty-five (45) years' imprisonment in the State penitentiary by the court.
On July 15, 1983, appellant, in custody on an unrelated charge, was brought by Madison County deputies, to a courtroom on the order of a district court judge. Appellant was taken to a holding room, adjacent to the courtroom, which was used to keep inmates awaiting appearance before the judge. The holding room had an adjoining restroom, which was checked by a bailiff before the inmates were placed in the holding room. One of the ceiling tiles in the restroom did not fit properly, and was raised approximately one inch above the rest of the ceiling.
Shortly after the inmates were placed in the holding room, a loud noise, like a "firecracker" or a "wall falling down," was heard in the restroom. Within one to three seconds later, Deputy Danny Certain reached the locked restroom door. Appellant unlocked the door and walked out, explaining to the deputies that he was trying to fix the sink. The sink had been knocked off the wall, striking the floor, and the pipes, leading to and from the sink, were broken away. Water was running onto the restroom floor from the broken pipes.
Footprints, resembling those made by tennis shoes, were found on the commode and the sink. Appellant was wearing tennis shoes at the time. The improperly-fitted ceiling tile had been pushed upward four to six inches so that one could see into the attic space above the ceiling tile.
Appellant first alleges that the indictment was insufficient to support the conviction of the offense of escape, third degree. Appellant asserts that the failure of the indictment to allege a lawful arrest, conviction, or court order, which are elements of the offense charged, caused that indictment to be insufficient to support the conviction. We must disagree.
The failure of the indictment to allege "lawful custody" is not a fatal defect. Pinkard v. State, 405 So.2d 411
(Ala.Crim.App. 1981). This court addressed the due process requirements for a sufficient indictment in Black v. State,401 So.2d 320 (Ala.Crim.App. 1981), by referring to Summers v.State, 348 So.2d 1126 (Ala.Crim.App.), cert. denied,348 So.2d 1136 (Ala.), cert. denied, 435 U.S. 981, 98 S.Ct. 1633,56 L.Ed.2d 75 (1977):
 "`An indictment should be specific in its averments in four prime aspects to insure this guaranty: (a) to identify the accusation least the accused should be tried for an offense different from that intended by the grand jury; (b) to enable the defendant to prepare for his defense; (c) that the judgment may inure to his subsequent protection and foreclose the possibility of being twice put in jeopardy for the same offense, and (d) to enable the Court, after conviction, to pronounce judgment on the record.'
 "Based on these guidelines, which also embody our preference for substance over form in our modern pleading, we find that this indictment was clearly sufficient to apprise the appellant of the charge against him and to safeguard against double jeopardy and improper judgments."
The indictment alleging that appellant "did escape or attempt to escape from Deputy Danny Certain of the Madison County Sheriff's Department" was sufficient to support appellant's conviction.
Appellant next alleges that the circumstantial evidence produced by the prosecution did not exclude to a moral certainty every other reasonable hypothesis but that of guilt of the appellant, and the verdict finding appellant guilty was contrary to the weight of the evidence. While it is true that a great portion of the prosecution's case consisted of circumstantial evidence, in reviewing a conviction based on circumstantial evidence, this court will view the evidence in the light most favorable to the State. Favors v. State,437 So.2d 1358 *Page 1004 
(Ala.Crim.App.), aff'd, 437 So.2d 1370 (Ala. 1983).
The proper test to be applied is "whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude." Dolvin v. State,391 So.2d 133 (Ala. 1980), quoting Cumbo v. State, 368 So.2d 871
(Ala.Crim.App.), cert. denied, 368 So.2d 877 (Ala. 1978).
Based on the evidence presented at trial, it is apparent that, by inference, the jury could find appellant guilty. Where there is legal evidence from which the jury can by fair inference find a defendant guilty, this court has no right to disturb the verdict. Johnson v. State, 378 So.2d 1164
(Ala.Crim.App.), writ quashed, 378 So.2d 1173 (Ala. 1979). Bellv. State, 339 So.2d 96 (Ala.Crim.App. 1976). A verdict of conviction will not be set aside on the ground of insufficiency of the evidence, unless allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this court that it was wrong and unjust. Johnson, supra; Bridges v. State,284 Ala. 412, 225 So.2d 821 (1969); Morton v. State,338 So.2d 423 (Ala.Crim.App. 1976).
The evidence presented at trial was sufficient to make it clear that the verdict was not palpably wrong and unjust. Contrary to appellant's argument, there is no requirement that there be direct evidence that appellant had a realistic chance of effecting an escape from the restroom or that any person harbored any illusions that appellant made a serious attempt to escape.
Further, appellant's allegation that his motion for a new trial on these grounds should have been granted is without merit. "Where the evidence presents questions of fact for the jury, and such evidence, if believed, is sufficient to sustain a conviction, . . . the overruling of a motion for new trial [does] not constitute error." Duncan v. State, 436 So.2d 883,904 (Ala.Crim.App. 1983).
Appellant further contends that the trial court committed reversible error in failing to give his requested jury charges numbered three and ten. Requested charge number three stated: "Circumstantial evidence justifies a conviction only when it is inconsistent with any reasonable theory of innocence." Requested charge number ten stated: "If the jury can reconcile the evidence before it with any reasonable hypothesis consistent with the innocence of the accused, it is your duty to do so and find the defendant not guilty."
This issue is governed by § 12-16-13, Alabama Code 1975, which states in part:
 "The refusal of a charge, though a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties."
The record indicates that the trial court's charge to the jury included the following charges on circumstantial evidence requested by appellant:
"Requested Jury Charge No. 2
 "Circumstantial evidence is not sufficient to support a conviction if it does not exclude to a moral certainty every other reasonable hypothesis but that of guilt of the accused."
"Requested Jury Charge No. 9
 "I charge you that when a case rests on circumstantial evidence the circumstances arrayed against the defendant must form so complete and strong a chain as to exclude beyond a reasonable doubt every hypothesis except that of guilt."
There was no error in the trial court's refusal to give requested charges numbered three and ten, since the above charges two and nine adequately and substantially covered the same rule of law. Allred v. State, 390 So.2d 1109
(Ala.Crim.App.), cert. denied, 390 So.2d 1114 (Ala. 1980). *Page 1005 
Appellant's final argument is that the sentence of 45 years imposed by the trial court constituted cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution and Article I, § 15, of the Alabama Constitution of 1901. Appellant submits that the sentence imposed pursuant to the Habitual Felony Offender Act is disproportionate to the offense for which he was convicted, and utilizing the logic of Solem v. Helm, 463 U.S. 277,103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), says that the sentence constitutes cruel and unusual punishment.
Examination of the record reveals that appellant had previously been convicted of six (6) felonies:
 "1 In the case of the State of Alabama vs. Marvin Anthony Wilbourn, Circuit Court of Madison County, Alabama, Case No. 76-3-257F, the defendant was adjudged guilty of the offense of Grand Larceny, and Buying, Receiving, Concealing Stolen Property.
 "2 In the case of the State of Alabama vs. Tony Wilbourn, Circuit Court of Madison County, Alabama, Case No. CC79-473FS the defendant was adjudged guilty of the offense of Burglary; Grand Larceny; and Buying, Receiving, Concealing Stolen Property.
 "3 In the case of the State of Alabama vs. Marvin Anthony Wilbourn, Circuit Court of Madison County, Case No. CC79-471FS, the defendant was adjudged guilty of the offense of Burglary; Grand Larceny; and Buying, Receiving, Concealing Stolen Property.
 "4 In the case of the State of Alabama vs. Tony Wilbourn, Circuit Court of Madison County, Alabama, Case No. CC79-455FS, the defendant was adjudged guilty of the offense of Buying, Receiving, Concealing Stolen Property.
 "5 In the case of the State of Alabama vs. Tony Wilbourn, Circuit Court of Madison County, Alabama, Case No. CC79-454FS, the defendant was adjudged guilty of the offense of Buying, Receiving, Concealing Stolen Property.
 "6 In the case of the State of Alabama vs. Marvin Anthony Wilbourn, Circuit Court of Madison County, Alabama, Case No. CC77-972F, the defendant was adjudged guilty of the offense of Leaving the Scene of an Accident."
Appellant was given due notice of the State's intention to proceed under the Habitual Felony Offender Act, and a full hearing was conducted by the trial court before the sentence was imposed.
This court has repeatedly upheld the constitutionality of the Act, and continues to do so with this appeal. Dutton v. State,434 So.2d 853 (Ala.Crim.App. 1983); Jackson v. State,440 So.2d 1181. (Ala.Crim.App. 1983); Williams v. State, 456 So.2d 852
(Ala.Crim.App. 1984). Sentencing under this Act does not constitute cruel and unusual punishment. Watson v. State,392 So.2d 1274 (Ala.Crim.App.), cert. denied, 392 So.2d 1280 (Ala. 1980); Seritt v. State, 401 So.2d 248 (Ala.Crim.App.), cert.denied, 401 So.2d 251 (Ala. 1981).
Rather than rely upon the logic of Solem v. Helm, supra, in which the defendant was sentenced to life imprisonment without parole, the more applicable logic is found in Rummel v.Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), in which the defendant was eligible for parole in twelve years. Further, Seritt v. Alabama, 731 F.2d 728, 732 (11th Cir. 1984), stated that Solem, supra, raised an extremely narrow issue of whether the Eighth Amendment proscribes a life sentence without possibility of parole for a seventh nonviolent felony. Serittv. State, supra, also concluded that "the Alabama Habitual Felony Offenders Act meets the objective criteria articulated, as a guide, by the Court in Solem v. Helm." 731 F.2d, at 737.
Solem, supra, therefore, furnishes no authority for this court to disturb appellant's *Page 1006 
sentence. As long as the sentence imposed by the trial court is within statutory boundaries, this court will not overturn that decision absent clear abuse. Williams, supra, Tombrello v.State, 421 So.2d 1319 (Ala.Crim.App. 1982).
After a thorough examination of the record, in light of the foregoing principles of law, this court finds no error injuriously affecting appellant's substantive rights. The judgment, including the sentence of the Madison Circuit Court, is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.
 *Page 1