TYSON, Judge.
Clinton Caver, III was charged by indictment with unlawfully obtaining control over two pairs of Union Bay jeans, the first being of the value of $27.99 and the second having a value of $24.99, both the property of Kitchen’s Thrift Stores of Anniston, Alabama, Inc., of the aggregate of $52.98, taken from the possession of said owner in violation of § 13A-8-4, Code of Alabama 1975 as amended.
The jury found the appellant “guilty as charged” at trial and following notice the trial court conducted a habitual felony offender hearing at which five prior felonies were placed in evidence. The trial court then set sentence at 30 years’ imprisonment in the penitentiary.
Diane Elders testified that on October 25, 1983, she was working as a sales clerk at Kitchen’s Thrift Stores in Anniston, Alabama which was doing business as “With-It”. She stated that at about 11:45 that morning she noticed two black males come into the store and observed them because this store only sold women’s clothing. She observed the two men go to the jeans department, look around and stand there for a time. She suddenly heard an alarm go off and one of the men looked at her and asked what the alarm was for. She saw the two men then walk toward the door and as she started toward them she noticed the appellant take a pair of jeans from under his coat, and laughingly, pulled them out and tossed them to her and kept walking out the door. She stated that the appellant’s companion appeared to be between six feet one and six feet two inches tall, wearing a green baseball jacket, a red cap and blue jeans. She stated that the appellant had on a black leather hat, black leather jacket and dark pants. She described this party as being the appellant, Clinton Caver. She identified the appellant in open court and stated that he was the one who tossed the blue jeans with the purple pin stripes to her. She stated that the value of these jeans was $27.99. Mrs. Elders stated that she later went to police headquarters where she received a second pair of Union Bay blue jeans which were the regular blue with a white pin stripe. These had also been removed from the store that morning. She stated that these were returned to her by the Anniston Police Department.
Anniston Police Officer Billy L. Whatley testified that on October 25, 1983, he was on duty with his partner, Officer Tony Ar-ensmeyar. He stated that he received a call shortly after one o’clock in the afternoon giving a description of two black males who were wanted for shoplifting. He stated that as they turned on 17th Street between Moore and Walnut, he observed two black males, one of whom appeared to be holding a pair of blue jeans with white stripes. He stopped the two men and gave them a Miranda warning, arrested them, took the blue jeans into his possession and carried them to Anniston Police Headquarters. The blue jeans with the white pin stripe on them were identified by him as having been recovered from the appellant’s companion, Kelly, at the time of the arrest.
Anniston Police Officer Anthony Ar-ensmeyar testified that he was on patrol with his partner, Officer Billy Whatley, on October 25, 1983, when they received a radio message to be on lookout for two suspects involved in a shoplifting incident at a local store. He confirmed that this took place shortly after one o’clock in the afternoon. After driving a short distance they observed two black males, who answered the description, at 17th and Moore Avenue. He stated that appellant’s com *192 panion, Kelly, had a pair of blue jeans under his arm and that they stopped the pair and first gave them a Miranda warning and then took them to police headquarters for interrogation. The two men were identified at headquarters by Mrs. Elders.
At the close of the evidence, the appellant made a motion for judgment of acquittal as to the charge of theft in the second degree.
The appellant did not present any testimony at trial.
I
The appellant first argues that the trial judge erred in overruling his motion which challenged the use of .certain preemptory strikes by the District Attorney. The appellant's counsel moved just before trial for a mistrial stating to the court that on the original venire there were 27 white people and 6 black people and that the District Attorney, in using his 11 preemptory challenges, struck off the jury six blacks. Appellant argues that this was “systematic exclusion of blacks from the decision making process.” (R. 14).
This court has several times followed the opinion of the United States Supreme Court in Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) which holds “[a]n examination of the prosecutor’s reason for the exercise of his challenge in any given case” is not required. Walker v. State, 428 So.2d 139 (Ala.Crim.App.1982); Terrell v. State, 429 So.2d 656 (Ala.Crim.App.1983); Cockrell v. State, 435 So.2d 189 (Ala.Crim.App.1983) and authorities therein cited.
Moreover, as noted by the United States Court of Appeals for the Eleventh Circuit in United States v. Cotton, 721 F.2d 350 (1983), the mere noting that a District Attorney has used his preemptory challenges to exclude blacks does not make out a case a systematic exclusion of constitutional proportions. We find no error as to this issue.
II
Appellant next argues that the trial court erroneously overruled his motion for judgment of acquittal as the State failed to make out a prima facie case under the facts presented at trial. Specifically, appellant’s counsel argues that the mere obtaining the pair of jeans and walking a distance within the store with same does not constitute a sufficient “taking and carrying away” of the jeans as to bring the case under the statute covering second degree theft of property.
In a very similar case, Judge Bookout, speaking for this court in Craig v. State, 410 So.2d 449 (Ala.Crim.App.1982) specifically noted that the word “obtains” is a substitute word for the phrase “taking and carrying away”. This, of course, was used in the larceny statute under the Alabama Code Section 13-3-50, 1975. However, this section has been amended so that the present section under which the appellant was here charged is the Alabama Code Section 13A-8-4(e) which covers second degree theft of property.
As noted in Craig, supra, where the appellant, as here, attempted to pass through the checkout counter or secret the garments under his own clothing, that was a sufficient asportation so as to bring the actions of the appellant within the aforesaid statute.
It was not necessary for the appellant to have successfully left the store with the items in question in order to complete the act of asportation. Martin v. State, 371 So.2d 460 (Ala.Crim.App.1979).
III
Appellant finally argues that to give this appellant a 30 year sentence for taking some women’s jeans from a store constitutes excessive and cruel and unusual punishment under the U.S. Supreme Court opinion in Solem v. Helm, 463 U.S. 277,103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).
Within the past year this court has considered this same issue in several very similar cases, each arising where the provisions *193 of the Alabama Habitual Felony Offender Statute was applied to the facts, such as the case at bar. Therefore, we reject the argument of the appellant based on the following authorities. Jackson v. State, 440 So.2d 1181 (Ala.Crim.App.1983); Campbell v. State, 444 So.2d 913 (Ala.Crim.App.1984); Taylor v. State, 445 So.2d 1004 (Ala.Crim.App.1984); Pickens v. State, 447 So.2d 867 (Ala.Crim.App.1984); Blues v. State, 447 So.2d 1319 (Ala.Crim.App.1984) and Kelley v. State, 453 So.2d 1344 (Ala.Crim.App.1984). See also Seritt v. Alabama, 731 F.2d 728 (11th Cir.1984). See Seritt v. State, 401 So.2d 248 (Ala.Crim.App.1981), cert. denied, 401 So.2d 251 (Ala.1981).
In light of the above authorities, this appeal is due to be and the same is, hereby, affirmed.
AFFIRMED.
All the Judges concur.