TYSON, Judge.
William James Lowe was originally tried for and convicted of murder and was sentenced to life imprisonment without parole, pursuant to the Habitual Felony Offender Act. Lowe’s indictment arose out of an *323 incident in which he ran over a motorcycle on which two persons were riding while Lowe was driving an automobile. This court unanimously, without opinion, affirmed his conviction on October 4, 1983. The Alabama Supreme Court denied Lowe’s petition for writ of certiorari without opinion on January 13, 1984.
Lowe now appeals from the denial of his petition for writ of error coram nobis in which he alleged the ineffective assistance of trial counsel. Following a hearing on April 4, 1985, on said petition, the trial court decided that appellant was not denied the effective assistance of counsel. A copy of the trial court’s order is attached. (R. 36).
I
In his petition, Lowe alleges that his trial counsel was ineffective for the failure to call certain witnesses who “would prove beyond a reasonable doubt that he was not guilty.” He argues that witnesses George Lee Rucker and Mark Anthony Dennis would have given direct testimony as to their knowledge of facts pertinent to impeach one Judson Wise. During trial of his cause Judson Wise testified that Lowe was driving the car which hit the motorcycle. Petitioner states that these witnesses were told by Judson Wise that one Emmett Wise was driving the car on the night in question. These two witnesses did in fact testify at trial. It is apparent from the trial transcript itself that defense counsel attempted to elicit the information petitioner alleges would have exonerated him. However, such testimony was objected to by the prosecution and such properly sustained. Such testimony would have been rank hearsay. Further, defense counsel failed to establish the proper predicate for the impeachment of Judson Wise by these witnesses.
Petitioner argues that State’s witness McDonald presented testimony at trial which was in direct conflict with petitioner’s testimony. The weight to be given such testimony was for the jury. He argues that one Officer Howard Rogers could have offered testimony which would have been in direct conflict with witness Peggy Henderson’s testimony at trial and that trial counsel failed to exercise reasonable diligence in discovering such information.
As the prosecution correctly points out in their motion to deny and dismiss the petition, coram nobis does not lie to relitigate issues fully adjudicated on appeal; nor will it enable a petitioner to question the merits of his case. Goodman v. State, 387 So.2d 862 (Ala.Cr.App.), cert. denied, 387 So.2d 864 (Ala.1980). The witnesses which petitioner alleges could have shed light on trial counsel’s ineffectiveness were called and testified before the court at the hearing on motion for new trial. Their testimony was considered by the trial court at that time, and rejected.
II
Petitioner further argues in his petition that the Habitual Felony Offender Act is unconstitutional. This court has repeatedly held that the Act is not violative of the United States Constitution. Watson v. State, 392 So.2d 1274 (Ala.Cr.App.), cert. denied, 392 So.2d 1280 (Ala.1980). See also Pickens v. State, 447 So.2d 867 (Ala.Cr.App.1984).
Petitioner further argues that the Habitual Felony Offender Act is unconstitutional in that it was applied to him in an ex post facto fashion. This court has held that the law is well settled on the issue of ex post facto application of the Act. Numerous cases from this court have consistently held that it is not. Chambers v. State, 418 So.2d 948 (Ala.Cr.App.1982). It is equally as settled that convictions occurring prior to the effective date of the Act may be used for enhanced punishment purposes. Lidge v. State, 419 So.2d 610 (Ala.Cr.App.), cert. denied, 419 So.2d 616 (Ala.1982).
Although a transcript of the hearing on the petition for writ of error coram nobis was not included in the record on appeal, we do have before us the transcript of the original trial and the hearing on the *324 motion for new trial. We have reviewed these proceedings bearing in mind petitioner’s allegations of ineffective assistance of counsel. We have further reviewed the evidence contained in petitioner’s brief on appeal which may have a bearing on these issues. Having done this, it is apparent that petitioner was represented at trial by competent, effective, and zealous counsel.
The petitioner has simply failed to carry the heavy burden of proof imposed on him to show that trial counsel was ineffective in his representation. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Daniel v. State, 459 So.2d 948 (Ala.1984); Duncan v. State, 461 So.2d 906 (Ala.Cr.App.1984).
After reviewing all issues we are of the opinion that the trial court correctly denied the coram nobis petition at issue. The judgment is, therefore, affirmed.
AFFIRMED.
All the Judges concur.
*325 APPENDIX