ON REHEARING
TYSON, Judge.
On October 8,1985 this court unanimously, without opinion, affirmed this cause. Appellant has requested that an opinion be issued in the cause and asserts several issues.
Richard Fitts, alias Terry Scotts, was charged by indictment in a “shoplifting” case with knowingly obtaining or exerting unauthorized control over three pairs of pants, the property of Fred’s Discount Store, of the value of $56.91 taken from a building where property was stored or kept for sale with intent to deprive the owner, contrary to § 13A-8-4, Code of Alabama 1975. The jury found the appellant guilty as charged in the indictment and, following a habitual felony offender hearing, at which three prior felonies were placed in evidence, the appellant was sentenced to 15 years’ imprisonment pursuant to the Alabama Habitual Felony Offender Act.
On August 26, 1982, Richard Fitts went to Fred’s Discount Store at 1119 Alabama Avenue in Selma, Alabama after 8:00 o’clock in the morning. Later, the appellant returned to the store and was observed again about 4:30 that afternoon when the manager, Mr. Bruce Hughes, saw the appellant milling around in the ladies apparel section. He was also observed by a store clerk who saw the appellant remove three pairs of ladies’ slacks from a display counter where they were hanging on hangers and he moved to the back of the store. A short time later the appellant started coming toward the front of the store and the manager was alerted by the clerk on the intercom that she had found three empty hangers under a rug. As Mr. Hughes approached the appellant near the checkout counter he saw that appellant’s shirttail was out and his shirt was unbuttoned. He could see some fabric material protruding just above his blue jeans. Mr. Hughes stopped the appellant and asked him if he had anything under his shirt. The appellant denied having anything under his shirt but refused to let Mr. Hughes look at him and began to be very belligerent. Mr. Hughes asked him come into the office and talk to him. The appellant shoved Mr. Hughes and then took the pants and threw them in his face. At that point Mr. Hughes signaled for the employees to lock the doors and call the police. A few minutes later Barney Morgan, a Dallas County Police Officer, came into the store and arrested the appellant.
The three pairs of slacks in question were placed in a sack, which was provided by Mr. Hughes, and taken to police headquarters. At police headquarters the appellant gave Officer Morgan and another officer the name of Terry Scotts.
At the close of State’s evidence the appellant made a motion to exclude which was overruled by the trial judge. The appellant, himself, then took the stand and admitted going to the store but stated that he had not gone in the women’s apparel department but had picked up two pairs of men’s slacks that he wanted to buy. He said that he had two pairs of men’s jeans and a can of oil and that he handed them to the manager. He denied throwing anything at Mr. Hughes or that he had stuffed any slacks, men’s or women’s, into the blue jeans that he was wearing that date. He stated that he planned to pay for the two pairs of slacks.
The State then presented the officer who checked in the appellant at Dallas County Police Headquarters who stated, in rebut *1349 tal, that appellant had no money nor wallet on his person at the time of his arrest.
I
The appellant essentially raises four issues, the first being the weight and sufficiency of the evidence when tested by a motion to exclude. This argument has been answered by this court many times where it is indicated that even the slightest asportation will constitute a taking and carrying away. See Judge Bookout’s opinion in Craig v. State, 410 So.2d 449 (Ala.Crim.App.1982) and followed by this court in Caver v. State, 466 So.2d 190 (Ala.Crim.App.1985).
II
The second issue is the appellant’s claim that he was denied his constitutional rights and sentenced to cruel and unusual punishment under the opinion of the U.S. Supreme Court in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). This argument was expressly rejected in Caver, 466 So.2d 190 (Ala.Crim.App.1985) and authorities therein cited.
Ill
As to the third issue, the appellant argues that the jury should have been charged on the issue of the alleged attempt as opposed to the actual commission of the act. It is true that the appellant’s attorney objected at the end of the trial court’s oral charge, but failed to offer any written charges dealing with an attempt. Therefore, this matter is not properly before us for review. Allen v. State, 414 So.2d 989 (Ala.Crim.App.1981), affirmed 414 So.2d 993 (Ala.1982). Temporary Rule 14, Alabama Rules of Criminal Procedure.
IV
The appellant in brief does argue the matter of an alleged challenge to a juror prior to trial, but the record shows that this challenge was granted as being based upon the fact that the party’s name was not on the jury venire list when served on the appellant and counsel. (R. 14). Therefore, the appellant did have a proper list from which to strike which included more than the minimum 24 jurors.
The record does not support the appellant’s argument in this respect.
We have carefully examined this record and find no error therein. The judgment appealed from is due to be affirmed.
OPINION ISSUED; AFFIRMED; APPLICATION FOR REHEARING DENIED.
All the Judges concur.