TYSON, Judge.
Frederick Jackson was indicted in three separate indictments on two charges of robbery in the first degree and one charge of robbery in the second degree. These cases were consolidated for trial and the jury found the appellant guilty as charged in each indictment.
At approximately 4:00 on the afternoon of November 17, 1982, Joyce Holman parked beside the Big Bear grocery store on Mt. Meigs Road in Montgomery. She and her grandson got out of the car and walked toward the store. After they walked a few steps Ms. Holman saw a man running toward her. The man had his hand in his pocket and Holman saw what appeared to be the handle of a knife.
The man struck Holman on the head and took her purse. She testified that the man in question was this appellant.
Earl Calvert, an employee of Big Bear, saw a man standing beside the Coke machine outside the store as Holman got out of her car. He saw the man run toward Holman and take her purse. Calvert pursued the man until he got in a brown car which was driven by another man.
Around 4:30 on the same afternoon, Diane Johns left her apartment at Warren House on the Eastern By-Pass in Montgomery. As she walked to her car, a man knocked her down and took her purse. She identified this appellant as the man who took her purse. The appellant then got into a car with another man and drove away.
Paula Nieman stated that at 7:30 on the evening of November 17, 1982, she was walking to her car in the parking lot of the Montgomery Mall. When she got to her car, she opened the door. At this point, a man with a shotgun approached her and demanded her purse. Nieman gave him the purse and he got in a brown Chevrolet car with another man, whom she identified as this appellant. She obtained the tag number of the vehicle and gave it to the police.
Andre Kellins and Roosevelt Barnes testified that on the afternoon of November *798 17, 1982, they went riding around with the appellant and Walter Vandiver in Vandi-ver’s brown Chevrolet Monte Carlo. At some point, they went to the Big Bear on Mt. Meigs Road. The appellant got out of the car and returned to the car with a lady’s purse. The four then went to Warren House and the same type event also occurred.
Kellins and Barnes were then dropped off in Brookview. Barnes stated he saw a shotgun in the trunk of Vandiver’s car that afternoon. Kellins testified that he saw the appellant with a knife.
A.F. Blankenship, an investigator with the Montgomery Police Department, testified he received three similar descriptions of the automobile involved in these three robberies. He ran a check on the tag number of the car which was obtained from Nieman. The car was registered to Walter Vandiver. He issued a “bolo” (i.e., be on the look out) for this vehicle with the tag number; Alabama 4A-04643.
On November 20, 1982, Officer Leslie Sibolski saw this vehicle going down Forbes Road in Montgomery. The vehicle was stopped and held until assistance arrived.
There were two males, two females, and three children in the vehicle when it was stopped. The appellant was one of those occupants. One of the females was wearing a ring that she said she received from the appellant. Johns identified this ring as being in her purse when this purse was taken from her.
The vehicle was impounded. A shotgun was found in the trunk. Two gasoline credit cards and a gas receipt were found in the glove compartment. The credit cards belonged to Nieman and the receipt was for gasoline purchased on one of those cards.
Officer Bob Davis of the Montgomery Police Department obtained two statements from the appellant. Before these statements were taken, the appellant was advised of his Miranda rights and was read a waiver of those rights. The appellant signed this waiver and then made two statements. In those statements, the appellant implicated himself in each of the three robberies. Both statements were signed by the appellant.
I
The sole issue raised by the appellant on appeal is that he was denied effective assistance of counsel. In his brief, the appellant claims he was “denied effective assistance of counsel because there was no effective cross-examination of the State’s witnesses, no real pretrial discovery, no attempt to present character witnesses at trial, no attempt to discover and present factual witnesses to support the appellant’s case, and no evidence or argument was presented by counsel in opposition to the State's motion for consolidation of cases.” (Appellant’s brief, p. 6.)
The United States Supreme Court’s decision in Strickland v. Washington,[1] 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), provides a two pronged analysis for reviewing “ineffective assistance of counsel claims.”
“First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.”
Strickland, supra 104 S.Ct. at 2064.
A review of this record discloses that counsel did an effective job of cross-examination of each of the State’s witnesses. He questioned the identification witnesses concerning their identification of this appel *799 lant, their ability to recall the appellant’s clothing, and their opportunity to view this appellant. Defense counsel also questioned Officer Davis about the voluntariness of the appellant’s statements and clarified some of the details included in the statements. The failure of counsel to cross-examine four of the State’s witnesses can certainly be justified as sound trial strategy. Trial counsel’s performance in this regard was in no sense deficient.
The appellant claims that counsel did not conduct any “real” pre-trial discovery. However, the appellant fails to define what constitutes “real” discovery. He also does not provide us with any items which he contends should have been the subject of discovery but were not requested. Therefore, he has failed to carry his burden in this regard.
The appellant further fails to show that his trial counsel’s performance was deficient because he did not present any character witnesses on the appellant’s behalf. There are no affadivits before us which show any witnesses were willing to testify as to the appellant’s good character (as was done in Strickland, supra).
The appellant contends trial counsel failed to present any witnesses to support his case. There were several identification witnesses in this case as well as two witnesses who testified that they were in the car when the appellant committed two of these robberies. Further, the appellant’s own statements implicated himself in each of the three robberies at issue.
It seems obvious to this court that the appellant did not have a case in view of the overwhelming evidence against him. It seems ludicrous to hold counsel’s performance deficient because he failed to present any evidence on behalf of the appellant when it appears the appellant not only had no defense, but has failed to aver or produce the names of any witnesses who might have been called to testify. Lowe v. State, 478 So.2d 322 (Ala.Cr.App.1985).
Lastly, the appellant asserts his trial counsel’s performance was deficient because he failed to argue in opposition to the State’s motion to consolidate his cases. Although trial counsel was not present at the hearing on the consolidation motion, an attorney was present on this appellant’s behalf at the hearing. The record does not disclose any argument in opposition to the motion but neither does it indicate that there was no argument made. Clearly, the record shows that the counsel for the appellant at the hearing objected to the consolidation.
In any event, the appellant was not prejudiced in this regard. As the trial judge states in the hearing on the motion, even if the cases were tried separately, evidence of each of the other two robberies could have been presented in each case as a common plan, scheme, design or system. C. Gamble, McElroy’s Alabama Evidence, § 69.-01(6) (3rd ed. 1977).
The appellant has failed to show that his trial counsel’s performance was deficient or prejudicial. He has not shown to this court that he was not afforded reasonably effective assistance of counsel.
The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.

. For a thorough discussion of the Supreme Court's opinion, see Dill v. State, 484 So.2d 491 (Ala.Cr.App. 1985).