TYSON, Judge.
Barry Sanderson was charged in a three count indictment with robbery in the first degree in violation of § 13A-8-41, Code of Alabama (1975). The indictment involved two separate robberies. Count I charged the appellant with the robbery of Beltline Beverages and Spirits, Inc., on July 23, 1987, in violation of § 13A-8-41. Counts II and III charged the appellant with the robbery of River City Beverages on July 24, 1987, in violation of § 13A-8-41. The jury found the appellant “guilty of robbery in the first degree” on each of the two charges. Pursuant to the Alabama Habitual Felony Offender Act, the trial judge sentenced the appellant to two terms of life imprisonment without parole.
We note that the appellant does not challenge the weight and sufficiency of the evidence; therefore, it is not necessary to address the facts except as they pertain to the issue raised by the appellant on this appeal.
I
The appellant contends that the trial court erred by admitting into evidence the two confessions he made to the police officers. Specifically, the appellant asserts that he confessed to the robberies because he was led by the officers to believe that he would receive a lighter sentence if he cooperated. He argues that his confession was thereby involuntary and should not have been admitted into evidence. We disagree.
“The test to determine the admissibility of a confession is a two-part inquiry: first, the court must consider whether the government complied with the Mi *590 randa requirements, and, second, the court must then rule on the issue of the confession’s voluntariness.”
Moore v. State, 469 So.2d 1308, 1309(Ala.Crim.App.1985) (citations omitted). See also Malone v. State, 452 So.2d 1386 (Ala.Crim.App.1984).
In the case at bar, the testimony elicited indicates that the appellant was properly advised of his Miranda rights. Officer Mark Burrows testified that he read the appellant his Miranda rights at the scene of the arrest. He stated that the appellant indicated to him that he understood these rights.
Detective Dawson Long testified that he again informed the appellant of his rights prior to each of the confessions. The appellant was asked if he understood these rights and he indicated to Detective Long that he did. The appellant also signed a waiver of rights form. From this testimony there was sufficient evidence before the trial court to find that the appellant was properly informed of his Miranda rights.
The next step we must examine is the judicial determination as to the voluntariness of the appellant’s confession.
“Generally, it is the province of the trial judge to first determine the volun-tariness of a statement in a voir dire examination outside the presence of the jury, and unless there is clear abuse this decision will not be overturned.”
Malone, 452 So.2d at 1389 (citations omitted). See also Williams v. State, 456 So.2d 852 (Ala.Crim.App.1984). In the present case, the trial judge entertained a motion for a voir dire examination outside the presence of the jury. During this voir dire examination, conflicting testimony was elicited concerning the appellant’s confession. Detective Long stated that he did not coerce the appellant into making a statement by offering hope of a lighter sentence. Detective Long also denied telling the appellant that, if he confessed to one crime, the charges on the other robbery would be dropped. The appellant, however, testified on voir dire that he cooperated and gave his confession because he thought the officers would recommend a lighter sentence.
“If trial Court finds on conflicting evidence that confession was voluntarily made, such finding will not be disturbed on appeal unless the appellate court is convinced that the conclusion is palpably contrary to the weight of the evidence. Even where there is credible testimony to the contrary, if evidence is fairly capable of supporting inference that rules of freedom and voluntariness were observed with respect to confession, ruling of trial Court need only be supported by substantial evidence and not to a moral certainty.”
Elliott v. State, 338 So.2d 483, 487 (Ala.Crim.App.1976) (citations omitted). See also, Griffin v. State, 500 So.2d 83 (Ala.Crim.App.1986); Williams, 456 So.2d 852; Simpson v. State, 401 So.2d 263 (Ala.Crim.App.1981), cert. denied, 401 So.2d 265 (Ala.1981). In the case at bar, the trial judge ruled that the appellant’s confession was voluntary and we will not disturb this ruling on appeal. The trial judge had the benefit of listening to the testimony of the witnesses before making his decision and his ruling is not “manifestly contrary to the great weight of the evidence.” Williams, 456 So.2d at 855.
For the reasons shown, this judgment is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.