There was undisputed evidence of a deal offered that would have made subsequent incriminating statements involuntary as defined by the cases cited in the majority opinion. However, no incriminating statements were made at that time. The trial court heard disputed ore tenus evidence that all "deals" had been withdrawn prior to Matthews's statements. The incriminating statements that Matthews sought to suppress were made after this. If, in fact, the "deals" had been withdrawn prior to the statements being made, the mere fact that a prior deal had been made would not render the incriminating statements made after the deal was withdrawn involuntary. SeeOregon v. Elstad, 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222
(1985). Therefore, the question before the trial court and the Court of Criminal Appeals was whether all "deals" had been withdrawn before Matthews made the incriminating statements. The trial court found, after hearing ore tenus evidence, that they had been. Our standard of review requires that we affirm unless the trial court's decision was "manifestly contrary to the great weight of the evidence." Williams v. State,456 So.2d 852, 855 (Ala.Crim.App. 1984). I find that it was not. I would quash the writ; therefore I dissent.