TAYLOR, Judge.
The appellant, Q.G.,[1] was adjudicated a youthful offender upon the underlying offense of theft in the second degree, a violation of § 13A-8-4, Code of Alabama 1975. Q.G. was sentenced to 18 months’ confinement in a facility for youthful offenders.
The evidence presented by the state tended to show that the appellant stole a police radio that had been left for a few moments on a counter in the concession area of a skating rink in Decatur, Alabama. On November 28, 1991, several police officers were providing security at the skating rink where approximately 1,000 people were gathered. Several fights erupted at the skating rink that night. When Officer Larry Glover went to break up one of the fights, he left his radio on a counter. When Officer Glover returned, the radio was gone.
Shortly thereafter, a police officer saw an antenna protruding from a juvenile’s coat pocket. The police recovered Officer Glover’s radio from the juvenile and asked the juvenile where he got the radio. The juvenile identified the appellant as the person who gave him the radio.
The police then took the appellant to a private room at the skating rink where Officer James Tilley read the appellant his Miranda [2] rights. Officer Glover held his police radio in front of the appellant and asked him if he knew what it was. The appellant replied that it was the officer’s “walkie-talkie” and that he had taken it.
I
The appellant first contends that the court erred in denying his motion for a judgment of acquittal because, he says, the state failed to present a prima facie case of theft in the second degree. Section 13A-8-2, Code of Alabama 1975, provides: “A person commits the crime of theft of property if he ... [kjnowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property.”
The state presented evidence that Officer Glover had placed his police radio on a counter and that it was taken from that counter. The appellant told police officers that he took the radio. Based on the appellant’s own statement, there was sufficient evidence to support the court’s adjudication of the appellant as a youthful offender.
II
Next, the appellant contends that the court erred in receiving into evidence the appellant’s statement made to the police at the skating rink. The appellant contends that he was not read his Miranda rights before he told the police that he took the radio.
Officer Tilley testified that he read the appellant his rights and that the appellant acknowledged that he understood those rights. Officer Tilley also testified that the appellant was not coerced into giving a statement and that the appellant was not offered any reward or inducement to give a statement.
*1336 “When there is conflicting evidence of the circumstances surrounding an incriminating statement or a confession, it is the duty of the trial judge to determine its admissibility, and if the trial judge decides it is admissible his decision will not be disturbed on appeal ‘unless found to be manifestly contrary to the great weight of the evidence.’ Williams v. State, 456 So.2d 852, 855 (Ala.Cr.App.1984).”
Ex parte Matthews, 601 So.2d 52, 53 (Ala.), cert. denied, — U.S.-, 112 S.Ct. 2996, 120 L.Ed.2d 872 (1992).
Based on the testimony of Officer Tilley, the court did not err in receiving the appellant’s statement into evidence.
Ill
Last, the appellant contends that the court erred in not receiving into evidence a statement that he made to an investigating officer the day after the incident at the skating rink.
This statement, which was not a confession, was correctly excluded as hearsay. It was an out-of-court statement offered to prove the truth of the matter asserted and did not fall within any recognized exception to the hearsay rule. C. Gamble, McElroy’s Alabama Evidence § 242.01 et seq. (4th ed. 1991).
Furthermore, the appellant testified that, on the day after the incident, he told the investigating officer that he never had possession of the police radio. The state failed to object at that time; thus the content of his statement to the investigating officer was received into evidence. Even if the court’s exclusion of the appellant’s statement had been error, it would have been rendered harmless by the fact that the same evidence was elicited from the appellant at trial. Rule 45, A.R.App.P.
For the reasons stated above, the appellant’s adjudication as a youthful offender is affirmed.
AFFIRMED.
All the Judges concur.

. The appellant's anonymity is protected pursuant to Rule 52, A.R.App.P.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).